STATE OF MINNESOTA                              DISTRICT COURT

COUNTY OF HENNEPIN                              FOURTH JUDICIAL DISTRICT
                                                Case Type:_____
                                                Court File Number:_____

Aljuan C. Hixon,                    )
                                    )
    Plaintiff,                      )
                                    )
v.                                  )
                                    )
City of Golden Valley,              )           **SUMMONS**
Dennis Arons,                       )
Mario Hernandez,                    )
David Kuhnly, and                   )
Christine McCarville,               )
                                    )
    Defendants.                     )

THE STATE OF MINNESOTA TO THE ABOVE-NAMED DEFENDANT:

    YOU ARE HEREBY SUMMONED and required to serve upon plaintiff's attorney an answer to the Complaint, which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Dated: March 31, 2006            PARKER ROSEN, LLC

                                 By:_____
                                 Andrew D. Parker, Reg. No. 195042
                                 Anthony G. Edwards, Reg. No. 342555
                                 133 First Avenue North
                                 Minneapolis, MN 55401
                                 Telephone: (612) 767-3000
                                 Fax: (612) 767-3001

                                 ATTORNEYS FOR PLAINTIFF
                                 ALJUAN C. HIXON

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |
| | Case Type:_____ |
| | Court File Number:_____ |

Aljuan C. Hixon, )
        Plaintiff, )
    v. )
City of Golden Valley, )    **COMPLAINT**
Dennis Arons, )
Mario Hernandez, )
David Kuhnly, and )
Christine McCarville, )
        Defendants. )

Plaintiff, Aljuan C. Hixon, for his Complaint against Defendants the City of Golden Valley, Dennis Arons, Mario Hernandez, David Kuhnly, and Christine McCarville, states and alleges as follows:

## I. INTRODUCTION

On April 2, 2005, Aljuan C. Hixon ("Mr. Hixon"), a 44-year old African-American man, went to his neighborhood service station in Golden Valley, Minnesota for help with his automobile. At the same time, Scot Herd, a 32-year-old white man, was robbing the US Bank counter inside a nearby Byerly's grocery store. Several members of the Golden Valley Police Department responded to the robbery call. They ended up at the service station, where they took down Mr. Hixon at gunpoint. The officers used extreme and excessive force in arresting and detaining Mr. Hixon, who was obviously not the white man they were told had robbed the bank, and who in fact had nothing to do with the

robbery. They then blasted pepper spray in Mr. Hixon's eyes and up his nose without provocation, although he was already subdued.

Even after the manager of the service station, who knew Mr. Hixon well, told the police that Mr. Hixon was a longtime customer and that he had nothing to do with any robbery, the police continued to detain Mr. Hixon in police custody. The officers held Mr. Hixon in a closed patrol car for an extended period and took him to the Golden Valley Police Station. Although Mr. Hixon was in severe pain, hyperventilating, and passing in and out of consciousness from exposure to pepper spray, they refused to let him rinse off his face, and denied him access to medical care for hours.

Mr. Hixon was never charged with any crime whatsoever.

## II. THE PARTIES

1. The Plaintiff, Mr. Hixon, is a resident of Golden Valley, Minnesota. He is a 44-year-old African-American man. Mr. Hixon is six feet, two inches tall, and weighs 270 pounds. Mr. Hixon has a college degree and substantial postgraduate education. He owns and operates a residential construction business, AMB Construction. In 1995, Mr. Hixon earned the McKnight Foundation Award for his community-service work as a volunteer motivational speaker to high-school students on behalf Infinity Systems, and his volunteer work as President of the Minnesota branch of the Tuskegee Alumni Association. In 1997, Mr. Hixon earned the coveted 40 Under 40 Award from The Minneapolis/St. Paul Business Journal, naming him as one of the top 40 businesspeople and community leaders under age 40 in Minnesota. Mr. Hixon has worked with the leadership of the City of Golden Valley, including its Mayor and former Chief of Police,

on a number of community-watch and community safety initiatives. Mr. Hixon had never been arrested prior to April 2, 2005, and he has never been convicted of any crime.

2.  Defendant City of Golden Valley ("Golden Valley") is a "Plan B" statutory city incorporated in the State of Minnesota under Chapter 412, Minnesota Statutes.

3.  Defendants Dennis Arons ("Arons"), Mario Hernandez ("Hernandez"), David Kuhnly ("Kuhnly"), and Christine McCarville ("McCarville") are currently and have at all times relevant to this Complaint been residents of the state of Minnesota and worked as Officers of the Golden Valley Police Department ("GVPD"). At all times relevant to this Complaint, Defendants Arons, Hernandez, Kuhnly, and McCarville:

- wore the uniform of the GVPD;
- used the resources and property of the GVPD;
- were on active duty as Officers of the GVPD;
- acted under their authority as Officers of the GVPD; and
- acted under color of law, statute, ordinance, regulation, custom and usage of the City of Golden Valley.

### III.  FACTUAL BACKGROUND

4.  US Bank operates a small branch within a Byerly's grocery store at 5725 Duluth Street in Golden Valley. The Byerly's store is part of a shopping center that also includes a Walgreen's drugstore. A Sinclair service station is located across the street from the shopping center's parking lot, at 1875 North Lilac Drive in Golden Valley.

5.  At about 1:45 p.m. on April 2, 2005, Scot Herd, a six-foot-tall, 175-pound, 32-year-old Caucasian man, approached the counter of the US Bank branch within the

3

Byerly's store. He ordered the teller to give him the money in her drawer. Mr. Herd then reached over the counter and took a change tray containing coins.

6. The bank teller pressed the bank's alarm button and called 911. She told the dispatcher that the US Bank counter had just been robbed by a white male with a "really scruffy beard," "probably 5'8", 5'9," [wearing a] white hat [and] a t-shirt and jacket." The dispatcher relayed this information to squad cars in the area. There was no mention of a black or African-American man involved in the bank robbery.

7. At approximately the same time, Mr. Hixon was at the nearby Sinclair service station. Mr. Hixon spoke to Ron Feist, the station manager, about service on his car, which had been in storage for some time. Mr. Feist suggested adding a quart of oil, which they did. Mr. Hixon went into the station to pay for his oil. On his way out, Mr. Hixon noticed a black van parked on the opposite side of the same pump island as his car. The van was near the furthest pump from Mr. Hixon's car, and facing the opposite direction.

8. Mr. Feist walked away to get a rag to wipe up some spilled oil, then went to help another customer fill his propane tank. Mr. Hixon stood next to his car, cleaning leaves and other debris from under the open hood.

9. As Mr. Hixon stood cleaning out his engine bay, several GVPD squad cars drove up from either end of the station, and GVPD officers confronted the occupants of the black van at gunpoint. They yelled at the passengers of the van to get out with their hands up.

10. As soon as Mr. Hixon saw police, with guns drawn, at and around the gas pumps, he bent over at the waist, put his hands over his head, and started to move toward

the Sinclair building for cover. In total, Mr. Hixon traveled approximately eight to ten feet before he reached the edge of the building and stopped.

11. One of the GVPD Officers yelled at Mr. Hixon to stop. As soon as he heard the officer, Mr. Hixon stopped. Mr. Hixon had traveled only about 3-4 paces from his car to where he stopped.

12. The station's Service Manager, Dave Greenwood, a white male, and a white male customer he was helping also moved toward the station building. The police took no action against or toward either of these white bystanders.

13. Defendant Hernandez ordered Mr. Hixon to kneel. Mr. Hixon complied. Defendant Hernandez then told Mr. Hixon to get down on his chest and stomach, put his face on the concrete and put his arms out. Again, Mr. Hixon complied.

14. As Mr. Hixon lay prone on the ground, Defendant McCarville approached him and kicked his legs apart. Defendant McCarville dove onto Mr. Hixon's lower back with her knee, causing him severe pain.

15. Defendant McCarville yelled at Mr. Hixon to pass her his arms to be handcuffed. Mr. Hixon lifted his left arm. Mr. Hixon struggled to lift his right arm into position. Defendant McCarville yanked it toward her, causing Mr. Hixon great pain, and bound him with handcuffs near the middle of his back.

16. After Mr. Hixon was subdued, lying facedown on the ground in handcuffs, Defendant Hernandez asked Defendant McCarville whether she wanted him to spray Mr. Hixon with pepper spray. Defendant McCarville said yes.

17. Defendant Hernandez put his boot on the side of Mr. Hixon's neck and blasted both of his eyes at point-blank range for several seconds, in a back-and-forth motion,

with pepper spray. Defendant Hernandez then pointed the spray nozzle up Mr. Hixon's nostrils and sprayed a second blast of pepper spray directly into his both nostrils of his nose. After the second blast of pepper spray, Mr. Hixon began to lose consciousness.

18. Defendants Hernandez and McCarville grabbed Mr. Hixon and dragged him to a Golden Valley squad car. They slammed his body onto the trunk of the squad car. They then opened the door and threw Mr. Hixon into the car, pushing him in with their feet.

19. Defendants Hernandez and McCarville left Mr. Hixon inside the squad car. Mr. Hixon yelled that he could not breathe and needed medical assistance, but his pleas were ignored. Mr. Hixon was left alone for an extended period.

20. As he sat locked in the car, Mr. Hixon was in severe pain. His eyes and sinuses were burning, and he could not breathe normally. Mr. Hixon hyperventilated and passed in and out of consciousness. Mr. Hixon could not understand why this was happening to him, when he had done nothing wrong.

21. Ron Feist, the station manager, approached the car with several Golden Valley Police officers, and saw Mr. Hixon inside. Mr. Feist told the Golden Valley Police officers that Mr. Hixon was a longtime customer of the station, and had nothing to do with the robbery. During this same time, Mr. Herd approached the police. He confessed that he had robbed the US Bank counter, and he and two occupants of the black van were taken into custody by the Golden Valley Police.

22. Although it was clear that Mr. Hixon had no involvement with the robbery, Defendant McCarville continued to detain Mr. Hixon, and took him to the GVPD Station.

During the drive, Mr. Hixon repeatedly complained he could not breathe and needed a doctor. Defendant McCarville yelled at him to shut up and stop spitting in her car. At no time was any medical attention offered or provided.

23. When they arrived at the police station, Mr. Hixon complained that the handcuffs were too tight, and that he had lost feeling in his hands. Defendant McCarville did not loosen the handcuffs.

24. At the station, Mr. Hixon repeatedly asked to call his attorney and to be taken to the hospital. Defendant McCarville said Mr. Hixon was being held there until his "friends" were brought to the station, and refused to let him rinse off the pepper spray or provide Mr. Hixon with medical assistance.

25. Mr. Hixon hyperventilated from the effects of the pepper spray, and passed in and out of consciousness in the booking area. Eventually, while Mr. Hixon was lying on the floor unconscious, another officer, Defendant Kuhnly, arrived. Defendants Kuhnly and McCarville yelled at Mr. Hixon to get up, and yanked up on his still-handcuffed wrists. Mr. Hixon cried out in pain, and they left him lying on the floor of the booking area.

26. Eventually, hours after Mr. Hixon was taken into custody, an ambulance came and took him to the Emergency Room at North Memorial Medical Center in Robbinsdale, Minnesota.

27. Mr. Hixon was never charged with any crime.

### IV. CAUSES OF ACTION

#### Count I – Assault

28. Mr. Hixon realleges all allegations in Paragraphs 1 through 27.

29. On April 2, 2005, at or near Golden Valley, Minnesota, Defendants McCarville, Hernandez, and Kuhnly wrongfully and unlawfully assaulted Mr. Hixon, by threatening bodily harm to Mr. Hixon with the present ability to carry out the threat.

30. As a direct result of these acts of assault, Mr. Hixon suffered medical expenses, pain and suffering, and wage loss in an amount in excess of $50,000.

## Count II – Battery

31. Mr. Hixon realleges all allegations in Paragraphs 1 through 30.

32. On April 2, 2005, at or near Golden Valley, Minnesota, Defendants Hernandez, Kuhnly, and McCarville wrongfully and unlawfully battered Mr. Hixon, by intentionally causing offensive or harmful contacts with Mr. Hixon.

33. As a direct result of these acts of battery, Mr. Hixon suffered medical expenses, pain and suffering, and wage loss in an amount in excess of $50,000.

## Count III – False Arrest

34. Mr. Hixon realleges all allegations in Paragraphs 1 through 33.

35. On April 2, 2005, at or near Golden Valley, Minnesota, Defendants Arons, Hernandez, and McCarville wrongfully and unlawfully arrested Mr. Hixon without proper legal authority or probable cause to believe that Mr. Hixon was committing or had committed an offense.

36. As a direct result of this false arrest, Mr. Hixon suffered medical expenses, pain and suffering, and wage loss in an amount in excess of $50,000.

## Count IV – False Imprisonment

37. Mr. Hixon realleges all allegations in Paragraphs 1 through 36.

38. On April 2, 2005, at or near Golden Valley, Minnesota, Defendants Arons, Hernandez, Kuhnly, and McCarville wrongfully and unlawfully imprisoned Mr. Hixon without proper legal authority or probable cause to believe that Mr. Hixon was committing or had committed an offense.

39. As a direct result of this false imprisonment, Mr. Hixon suffered medical expenses, pain and suffering, and wage loss in an amount in excess of $50,000.

### Count V – Violation of Minn.Stat § 363A.12, Subd. 1

40. Mr. Hixon realleges all allegations in Paragraphs 1 through 39.

41. The conduct of Defendants Arons, Hernandez, Kuhnly, and McCarville in assaulting, battering, falsely arresting, and falsely imprisoning Mr. Hixon was malicious and discriminatory, and undertaken solely because of Mr. Hixon's race.

42. As a direct result of this discriminatory treatment, Mr. Hixon suffered medical expenses, pain and suffering, and wage loss in an amount in excess of $50,000.

### Count VI – *Respondeat Superior*

43. Mr. Hixon realleges all allegations in Paragraphs 1 through 42.

44. Because the conduct of Defendants Arons, Hernandez, Kuhnly, and McCarville in assaulting, battering, falsely arresting, falsely imprisoning, and maliciously discriminating against Mr. Hixon was done within the scope of their authority as Officers of the GVPD, Defendant City of Golden Valley is vicariously liable for this conduct.

### Count VII – Violation of 42 U.S.C. § 1983 – Excessive Force

45. Mr. Hixon realleges all allegations in Paragraphs 1 through 45.

46. On April 2, 2005, at or near Golden Valley, Minnesota, Defendants Hernandez, Kuhnly, and McCarville used excessive force in arresting, detaining, and imprisoning Mr. Hixon.

47. These actions by Defendants Hernandez, Kuhnly, and McCarville violated Mr. Hixon's rights to be free of excessive force and unreasonable seizures under the Fourth and Fourteenth Amendments to the Constitution of the United States.

48. As a direct result of this use of excessive force, Mr. Hixon suffered medical expenses, pain and suffering, and wage loss in an amount in excess of $50,000.

### Count VIII – Violation of 42 U.S.C. § 1983 – False Arrest

49. Mr. Hixon realleges all allegations in Paragraphs 1 through 48.

50. On April 2, 2005, at or near Golden Valley, Minnesota, Arons, Hernandez, and McCarville arrested Mr. Hixon without proper legal authority or probable cause to believe that Mr. Hixon was committing or had committed an offense.

51. This arrest violated Mr. Hixon's rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

52. As a direct result of this false arrest, Mr. Hixon suffered medical expenses, pain and suffering, and wage loss in an amount in excess of $50,000.

### Count IX – Violation of 42 U.S.C. § 1983 – False Imprisonment

53. Mr. Hixon realleges all allegations in Paragraphs 1 through 52.

54. On April 2, 2005, at or near Golden Valley, Minnesota, Defendants Arons, Hernandez, Kuhnly, and McCarville wrongfully and unlawfully imprisoned Mr. Hixon, without proper legal authority or probable cause to believe that Mr. Hixon was committing or had committed an offense.

55. This wrongful imprisonment violated Mr. Hixon's right to be free of unreasonable seizures under the Fourth and Fourteenth Amendments to the Constitution of the United States.

56. As a direct result of this false imprisonment, Mr. Hixon suffered medical expenses, pain and suffering, and wage loss in an amount in excess of $50,000.

**Count X – Violation of 42 U.S.C. § 1983 – Failure to Provide Medical Care**

57. Mr. Hixon realleges all allegations in Paragraphs 1 through 56.

58. On April 2, 2005, at or near Golden Valley, Minnesota, Mr. Hixon had a serious need for medical care.

59. Defendants Arons, Hernandez, Kuhnly, and McCarville were aware of Mr. Hixon's serious need for medical care, but failed to allow Mr. Hixon to obtain the medical care needed.

60. The failure of Defendants Arons, Hernandez, Kuhnly, and McCarville to provide needed medical care to Mr. Hixon violated Mr. Hixon's right to due process under the Fourteenth Amendment to the Constitution of the United States.

61. As a direct result of the failure to provide needed medical care to Mr. Hixon, Mr. Hixon suffered medical expenses, pain and suffering, and wage loss in an amount in excess of $50,000.

**Count XI – Violation of 42 U.S.C. § 1983 – Failure to Train**

62. Mr. Hixon realleges all allegations in Paragraphs 1 through 61.

63. Defendant City of Golden Valley has, as a matter of City policy, failed to properly train its Police Officers on the need to provide medical attention to persons experiencing a bodily reaction following exposure to pepper spray.

64. As a direct result of the failure of the City of Golden Valley to provide its Police Officers adequate training, Mr. Hixon suffered medical expenses, pain and suffering, and wage loss in an amount in excess of $50,000.

## JURY DEMAND

65. Mr. Hixon hereby demands a trial by jury on all claims and issues for which he has a right to trial by jury.

## REQUEST FOR RELIEF

66. WHEREFORE, Mr. Hixon requests that the Court grant him the following relief:

    a. monetary damages, including but not limited to compensatory damages, consequential damages, and liquidated damages;

    b. pre-judgment interest;

    c. attorney fees, costs, and disbursements;

    d. any other just and equitable relief; and

    e. if appropriate, punitive damages, subject to Plaintiff's bringing a motion to amend the Complaint and the Court's granting of such motion.

Date: March 31, 2006.

PARKER ROSEN, LLC

By /s/ 

Andrew D. Parker    Reg. No. 195042
Anthony G. Edwards    Reg. No. 342555
133 First Avenue North
Minneapolis, Minnesota 55401
Telephone: (612) 767-3000

ATTORNEYS FOR PLAINTIFF

12

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that costs, disbursements, and reasonable attorney and witness fees may be awarded pursuant to Minnesota Statutes Section 549.21, subdivision 2, to the party or parties against whom the allegations in this pleading are asserted.

*[signature]*
Andrew D. Parker

The undersigned, being first duly sworn, hereby states that he is the plaintiff in the foregoing action, that he has read this Complaint, and that the allegations in the Complaint are true and correct to the best of his knowledge.

*[signature]*
Aljuan C. Hixon

Subscribed and sworn before me this 31st day of March, 2006.

*[signature]*
Notary Public

BRENDA J. HANSON
NOTARY PUBLIC-MINNESOTA
My Commission Expires Jan. 31, 2010

13