UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Aljuan C. Hixon, | ) | Case No. 06-Civil 1548 (RHK/JSM) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **PLAINTIFF'S PROPOSED** |
| City of Golden Valley, | ) | **JURY INSTRUCTIONS** |
| Dennis Arons, | ) | |
| Mario Hernandez, | ) | |
| David Kuhnly, and | ) | |
| Christine McCarville, | ) | |
| | ) | |
| Defendants. | ) | |

## GENERAL:  NATURE OF CASE; BURDEN OF PROOF; DUTY OF JURY; CAUTIONARY

Ladies and Gentlemen:  I will take a few moments now to give you some initial instructions about this case and about your duties as jurors.  At the end of the trial I will give you further instructions.  I may also give you instructions during the trial.  Unless I specifically tell you otherwise, all such instructions - both those I give you now and those I give you later - are equally binding on you and must be followed.

This is a civil case brought by the Plaintiff against the Defendants.  On the afternoon of Saturday, April 2, 2005, Plaintiff Al Hixon was a customer at a Sinclair service station in Golden Valley, Minnesota when officers of the Golden Valley Police Department arrived at the station, responding to a call regarding the robbery of a nearby bank.  The Plaintiff alleges that Defendants Mario Hernandez and Christine McCarville used excessive force against him and assaulted and battered him in the course of responding to the call.  The City of Golden Valley is a party to this action as the employer of Defendants Hernandez and McCarville.  The Defendants deny that the officers used excessive force, or committed assault or battery on Mr. Hixon.  It will be your duty to decide from the evidence whether the Plaintiff is entitled to a verdict against one or more of the Defendants.

From the evidence you will decide what the facts are.  You are entitled to consider that evidence in light of your own observations and experiences in the affairs of life.  You will then apply those facts to the law which I give you in these and in my other instructions, and in that way reach your verdict.  You are the sole judges of the facts; but you must follow the law as stated in my instructions, whether you agree with it or not.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any motives they may have for testifying a certain way, their manner while testifying, whether they said something different at an earlier time, the general reasonableness of their testimony and the extent to which their testimony is consistent with other evidence that you believe.

Do not allow sympathy or prejudice to influence you.  The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what I think your verdict should be.

**(8th Circuit Model Jury Instruction 1.01)**

## EVIDENCE; LIMITATIONS

I have mentioned the word "evidence."  "Evidence" includes the testimony of witnesses; documents and other things received as exhibits; any facts that have been stipulated - that is, formally agreed to by the parties; [and any facts that have been judicially noticed - that is facts which I say you must accept as true.

Certain things are not evidence.  I will list those things for you now:

1. Statements, arguments, questions and comments by lawyers are not evidence.

2.  Exhibits that are identified by a party but not offered or received in evidence are not evidence.

3 .  Objections are not evidence.  Lawyers have a right and sometimes an obligation to object when they believe something is improper.  You should not be influenced by the objection.  If I sustain an objection to a question or an exhibit, you must ignore the question or the exhibit and must not try to guess what the information might have been.

4 .  Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence and must not be considered.

5.  Anything you see or hear about this case outside the courtroom is not evidence[, unless I specifically tell you otherwise during the trial].

Furthermore, a particular item of evidence is sometimes received for a limited purpose only.  That is, it can be used by you only for one particular purpose, and not for any other purpose.  I will tell you when that occurs, and instruct you on the purposes for which the item can and cannot be used.  [You should also pay particularly close attention to such an instruction, because it may not be available to you in writing later in the jury room.]

Some of you may have heard the terms "direct evidence" and "circumstantial evidence."  You are instructed that you should not be concerned with those terms, since the law makes no distinction between the weight to be given to direct and circumstantial evidence.

**(8th Circuit Model Jury Instruction 1.02)**

**CONDUCT OF THE JURY**

To insure fairness, you as jurors must obey the following rules:

*First*, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it [until the trial has ended and your verdict has been accepted by me].  If someone should try to talk to you about the case [during the trial], please report it to me.

*Fourth*, during the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case - you should not even pass the time of day with any of them.  It is important not only that you do justice in this case, but that you also give the appearance of doing justice.  If a person from one side of the lawsuit sees you talking to a person from the other side - even if it is simply to pass the time of day - an unwarranted and unnecessary suspicion about your fairness might be aroused.  If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, remember it is because they are not supposed to talk or visit with you either.

*Fifth*, do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio, television or Internet reports about the case or about anyone involved with it.  [In fact, until the trial is over I suggest that you avoid reading any newspapers or news journals and listening to any television, radio or Internet newscasts.  I do not know whether there might be any news reports of this case, but if there are you might inadvertently find yourself reading or listening to something before you could do anything about it.  If you want, you can have your spouse or a friend clip out any stories and set them aside to give you after the trial is over.  I can assure you, however, that by the time you have heard the evidence in this case, you will know what you need to decide it.]

*Sixth*, do not do any research or make any investigation on your own about any matter involved in this case.  By way of examples, that means you must not consult a dictionary,

4

textbook, encyclopedia, talk with a person you consider knowledgeable, or go to the Internet for information about some issue or person in this case.  In fairness, learn about this case from the evidence you receive here at the trial and apply it to the law as I give it to you.

*Seventh*, cell phones are not permitted in the jury room during deliberation.

*Eighth*, do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.

**(8th Circuit Model Jury Instruction 1.05)**

**OUTLINE OF TRIAL**

The trial will proceed in the following manner:

First, the Plaintiff's attorney may make an opening statement.   Next, the Defendants' attorney may make an opening statement.   An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

The Plaintiff will then present evidence and counsel for the Defendants may cross-examine.   Following the Plaintiff's case, the Defendants may present evidence and Plaintiff's counsel may cross-examine.

After presentation of evidence is completed, the attorneys will make their closing arguments to summarize and interpret the evidence for you.   As with opening statements, closing arguments are not evidence.   The court will instruct you further on the law.   After that you will retire to deliberate on your verdict.

**(8th Circuit Model Jury Instruction 1.06)**

**STIPULATED FACTS**

The Plaintiff and the Defendants have stipulated -- that is, they have agreed -- that certain facts are as counsel have just stated.  You should, therefore, treat those facts as having been proved.

The Plaintiff and the Defendants have stipulated to the following facts:

- Defendants used force in arresting Plaintiff on April 2, 2005.

- At the time of their use of force toward Plaintiff, Defendants were acting under color of state law.

- At the time of their use of force toward Plaintiff, Defendants were acting in the scope of their employment.

**(8th Circuit Model Jury Instruction 2.03)**

**EXPLANATORY**

Members of the jury, the instructions I gave at the beginning of the trial and during the trial remain in effect.  I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now.  You must not single out some instructions and ignore others, because <u>all</u> are important.  This is true even though some of those I gave you [at the beginning of] [during] trial are not repeated here.

The instructions I am about to give you now, as well as those I gave you earlier, are in writing and will be available to you in the jury room.

**(8th Circuit Model Jury Instruction 3.01)**

## CREDIBILITY OF WITNESSES

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, you may consider a witness' intelligence, the opportunity a witness had to see or hear the things testified about, a witness' memory, any motives a witness may have for testifying a certain way, the manner of a witness while testifying, whether a witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things.  You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

**(8th Circuit Model Jury Instruction 3.03)**

## OPINION EVIDENCE - EXPERT WITNESS

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions.  An exception to this rule exists as to those whom we call "expert witnesses." Witnesses who, by education and experience, have become expert in some art, science, profession, or calling may state their opinions as to relevant and material matters, in which they profess to be expert, and may also state their reasons for the opinion.

You should consider each expert opinion received in evidence in this case, and give it such weight as you may think it deserves.  If you should decide that the opinion of an expert witness is not based on sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.

**(Devitt, Blackmar & Wolff, <u>Federal Jury Practice and Instructions</u>, § 72.08)**

## TESTIMONY OF POLICE OFFICERS

The testimony of a police officer is entitled to no special or exclusive sanctity. A police officer who takes the witness stand subjects his testimony to the same examination and the same tests that any other witness does, and in the case of police officers, you should not believe them merely because they are police officers. You should recall their demeanor on the stand, their manner of testifying, the substance of their testimony and weigh and balance it just as carefully as you would the testimony of any other witness. People employed by the government, including policemen, do not stand in any higher station in the community than other persons, and their testimony is not entitled to any greater weight.

**(<u>Roberts v. Hollocher</u>, 664 F.2d 200 (8th Cir. 1981); <u>Butler v. City of Camden</u>, 352 F.3d 811 (3d Cir. 2003))**

**BURDEN OF PROOF**

In these instructions you are told that your verdict depends on whether you find certain facts have been proved.  The burden of proving a fact is upon the party whose claim [or defense] depends upon that fact.  The party who has the burden of proving a fact must prove it by the greater weight of the evidence.  To prove something by the greater weight of the evidence is to prove that it is more likely true than not true.  It is determined by considering all of the evidence and deciding which evidence is more believable.

The greater weight of the evidence is not necessarily determined by the greater number of witnesses or exhibits a party has presented.

You may have heard of the term "proof beyond a reasonable doubt."  That is a stricter standard which applies in criminal cases.  It does not apply in civil cases such as this.  You should, therefore, put it out of your minds.

**(8th Circuit Model Jury Instruction 3.04)**

**ELECTION OF FOREPERSON; DUTY TO DELIBERATE; COMMUNICATIONS
WITH COURT; CAUTIONARY; UNANIMOUS VERDICT; VERDICT FORM**

In conducting your deliberations and returning your verdict, there are certain rules you must follow.

*First*, when you go to the jury room, you must select one of your members as your foreperson.  That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room.  You should try to reach agreement if you can do so without violence to individual judgment, because a verdict must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.  Remember at all times that you are not partisans.  You are judges - judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

*Third*, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors.  I will respond as soon as possible either in writing or orally in open court.  Remember that you should not tell anyone - including me - how your votes stand numerically.

*Fourth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions.  The verdict must be unanimous.  Nothing I have said or done is intended to suggest what your verdict should be - that is entirely for you to decide.

*Finally*, the verdict form is simply the written notice of the decision that you reach in this case.  You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

**(8th Circuit Model Jury Instruction 3.06)**

## CONSTITUTIONAL RIGHTS

The federal civil rights act under which Al Hixon brings this suit, 28 U.S.C. §1983, was enacted by Congress to enforce the Fourteenth Amendment to the United States Constitution. The Fourteenth Amendment to the Constitution provides that:

> No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

You are instructed as a matter of law that under the Constitution of the United States every citizen has the right not to be subjected to excessive force while being detained by a law enforcement officer, even if such detention is otherwise in accordance with due process of law. You are further instructed that the federal civil rights statute under which the plaintiff sues provides that a person may seek relief in this court by way of damages against any person or persons who, under color of any state law or custom, subjects such a person to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

**(Adapted from Devitt, Blackmar & Wolff, <u>Federal Jury Practice and Instructions</u>, § 103.02)**

**EXCESSIVE FORCE**

Al Hixon claims he was subjected to excessive force by Defendants Hernandez and McCarville in effecting his arrest.  In that regard, you are instructed that every person has the right not to be subjected to unreasonable or excessive force while being arrested by a law enforcement officer, even though such arrest is otherwise made in accordance with due process of law.  On the other hand, in making a lawful arrest an officer has the right to use such force as is necessary under the circumstances to effect the arrest.  Whether or not the force used in making an arrest was unnecessary, unreasonable or violent is an issue to be determined by you in light of all the surrounding circumstances, on the basis of that degree of force a reasonable and prudent officer would have applied in effecting the arrest under the circumstances disclosed in this case.

**(Devitt, Blackmar & Wolff, <u>Federal Jury Practice and Instructions</u>, § 103.08)**

### EXCESSIVE USE OF FORCE - SECTION 1983 CLAIM

Your verdict must be for Plaintiff Al Hixon and against Defendant Hernandez and/or Defendant McCarville for violations of Mr. Hixon's constitutional rights, in violation of 28 U.S.C. §1983, if the following elements have been proved by the greater weight of the evidence:

*First*, Defendant Hernandez and/or Defendant McCarville used force toward the Plaintiff, and

*Second*, the use of such force was excessive because it was not reasonably necessary to arrest the Plaintiff, and

*Third*, as a direct result, the Plaintiff was damaged, and

*Fourth*, Defendant Hernandez and/or Defendant McCarville was acting under color of state law.

Here, the parties have agreed that force was used toward Mr. Hixon, and that Defendants Hernandez and McCarville were acting under color of state law in using force toward Mr. Hixon. Accordingly, the first and fourth elements referred to above are not at issue, and you need only decide on the second and third elements referred to above, that is, whether the force used toward Plaintiff by the Defendants was excessive, and whether Plaintiff was damaged as a result of the Defendants' use of force.

In determining whether the force used was "not reasonably necessary," you must consider such factors as the need for the application of force, the relationship between the need and the amount of force that was used, the extent of the injury inflicted, and whether a reasonable officer on the scene, without the benefit of 20/20 hindsight, would have used such force under similar circumstances. You must consider that police officers are often forced to make judgments about the amount of force that is necessary in circumstances that are tense, uncertain and rapidly evolving. You must consider whether the officer's actions were reasonable in light of the facts

16

and circumstances confronting the officer, without regard to the officer's own state of mind, intention or motivation.

If any of the above elements has not been proved by the greater weight of the evidence, then your verdict must be for the Defendant.

**(Adapted from 8th Circuit Model Jury Instruction 4.10)**

## ASSAULT & BATTERY CLAIM

A police officer is permitted to come in contact with an individual in the course of arresting and detaining him to the extent it is necessary to effectuate such arrest and detention. If an officer uses excessive force in making an arrest, however, his or her conduct constitutes assault and battery.

### Proof of an assault

An assault occurred if is proved by the greater weight of the evidence that:

1. Defendant Hernandez and/or Defendant McCarville, using excessive force, acted with the intent to cause apprehension or fear of immediate harm to or offensive contact with Plaintiff Al Hixon, and

2. Defendant Hernandez and/or Defendant McCarville had the apparent ability to cause the harm or offensive contact, and

3. Plaintiff Al Hixon had a reasonable apprehension or fear that the immediate harm or offensive contact would occur.

### Proof of battery

A battery occurred if it is proved by the greater weight of the evidence that Defendant Hernandez and/or Defendant McCarville, using excessive force, intentionally caused harmful or offensive contact with Plaintiff Al Hixon.

**(Adapted from Minn.Dist. Judges Ass'n, Minnesota Practice, Jury Instruction Guides - Civil ("CIVJIG") 60.20 and 60.25; <u>Paradise v. City of Minneapolis</u>, 297 N.W.2d 152, 155 (Minn. 1980); Minn. Stat. § 609.06, subd. 1(9))**

## DIRECT RESULT OR CAUSE

An injury or damage is directly caused by an act or a failure to act whenever it appears from the evidence that the act or failure to act played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct consequence or a reasonably probable consequence of the act or omission.

The law does not require that there be only one cause of an injury or damage, consisting of only one factor or thing, or the conduct of only one person.  On the contrary, many factors or things, or the conduct of two or more persons, may operate at the same time, either independently or together, to cause injury or damage, and in such a case, each is a direct cause.

**(Adapted from Devitt, Blackmar & Wolff, <u>Federal Jury Practice and Instructions</u>, §§ 120.06 & 120.61)**

### [MUNICIPALITIES—LIABILITY FOR CONDUCT OF EMPLOYEES]

**[Municipal responsibility for employees]**

[Defendant City of Golden Valley is a municipality and can act only through its officers and employees.

The conduct of an officer or employee acting within the scope of his or her authority is the conduct of the municipality.


Intentional assault and battery by an employee fall within the scope of employment, so long as the source of the attack is related to the duties of the employee, and the attack occurs within work-related limits of time and place.]


***Plaintiff suggests omitting this instruction in light of Defendants' stipulation that Defendants were acting in the scope of their employment at the time they used force toward Plaintiff.***


**(Adapted from <u>Farendorff v. North Homes, Inc.</u>, 597 N.W.2d 905, 910 (Minn. 1999); Minnesota CIVJIG 30.60)**

**COMPENSATORY DAMAGES—PERSONAL AND PROPERTY DAMAGES—DEFINITION**

Questions  9 and 10 in the verdict form are the damages questions.

**Answer each question independently**

You must answer these questions regardless of your answers to the other questions on the verdict form. Your verdict is not complete until these damages questions are answered.

When you decide damages, do not consider the possible effect of your answers to other questions.

**Damages are money**

The term "damages" means a sum of money that will fairly and adequately compensate a person who has been injured. Damages may include past and future injury.  To award an amount for future injury, it must be proved that future injury is reasonably certain to occur.

**(Adapted from Minnesota CIVJIG 90.10)**

**COMPENSATORY DAMAGES—PERSONAL AND PROPERTY DAMAGES—
GENERAL INSTRUCTION**

**Deciding the amount of damages**

In answering questions 9 and 10, you are to decide the amount of money that will fairly and adequately compensate Al Hixon for his past and future injuries.

**Items to include**

You may award damages for the following items if the evidence shows they resulted from the event:

Past damages for bodily and mental harm

Past damages for health care expenses

Future damages for bodily and mental harm

Future damages for health care expenses

**(Minnesota CIVJIG 90.20)**

22

## ITEMS OF PERSONAL DAMAGE—PAST DAMAGES—BODILY AND MENTAL HARM

**Past damages for bodily and mental harm**

Items to include for past damages for bodily and mental harm:

    1. Pain

    2. Disability

    3. Embarrassment

    4. Emotional distress and mental anguish

Al Hixon has experienced up to the time of your verdict.

**Factors to consider**

You should consider:

    1. The type, extent, and severity of the injuries

    2. How painful the injuries were

    3. The treatment and pain involved in that treatment

    4. The length of time the injury or harm lasted

    5. Any other factors you think are relevant.

**No consideration of other sources of payment**

Do not consider whether Al Hixon has received or may receive payment from other sources.

**(Adapted from Minnesota CIVJIG 91.10)**

23

### ITEMS OF PERSONAL DAMAGE—PAST DAMAGES—MEDICAL SUPPLIES, HOSPITAL AND MEDICAL EXPENSE

**Past damages for health care expenses**

Past damages for health care expenses may include:

     1. Medical supplies

     2. Hospitalization

     3. Health care services of every kind

necessary for treatment up to the time of your verdict.

**(Minnesota CIVJIG 91.15)**

## ITEMS OF PERSONAL DAMAGE—FUTURE DAMAGES—BODILY HARM AND MENTAL HARM

**Future damages for bodily and mental harm**

Future damages for bodily and mental harm may include:

    1. Pain

    2. Disability

    3. Embarrassment

    4. Emotional distress and mental anguish

Al Hixon is reasonably certain to experience in the future.

**Factors to consider**

You should consider:

    1. The type, extent, and severity of the injuries

    2. How painful the injuries are

    3. The treatment and pain involved in that treatment

    4. The length of time the injury or harm is likely to last

    5. Any other factors you think are relevant.

**(Adapted from Minnesota CIVJIG 91.25)**

## ITEMS OF PERSONAL DAMAGE—FUTURE DAMAGES—MEDICAL SUPPLIES, HOSPITAL AND MEDICAL EXPENSE

**Future damages for health care expenses**

Future damages for health care expenses may include:

    1. Medical supplies

    2. Hospitalization

    3. Health care services of every kind reasonably certain to be necessary for treatment in the future.

**(Minnesota CIVJIG 91.30)**

## ITEMS OF PERSONAL DAMAGE—PRE-EXISTING CONDITION—
## AGGRAVATION AND EGGSHELL PLAINTIFF DOCTRINE

**Aggravation of pre-existing disability or pre-existing medical condition**

A person who has a pre-existing disability or medical condition at the time of an accident is entitled to damages for aggravation of that pre-existing disability or condition directly caused by the Defendant's fault.

Damages are limited to those that are over and above the damages that would have normally followed from the pre-existing disability or medical condition without the Defendant's fault.

**Pre-existing disability or pre-existing medical condition**

A person who has a pre-existing disability or medical condition at the time of an event is still entitled to recover damages for injuries directly caused by the event.

The person is entitled to recover even though the injuries or damages differ from the injuries or damages the event would have caused a person without that pre-existing disability or medical condition.

**(Minnesota CIVJIG 91.40 & 91.41)**

27

## PUNITIVE DAMAGES - SECTION 1983 CLAIM

In addition to the damages mentioned in other instructions, the law permits the jury under certain circumstances to award punitive damages.

If you find in favor of the Plaintiff as to his civil rights/excessive force claim and if you find by the greater weight of the evidence that the conduct of that Defendant in violation of Plaintiff's civil rights was malicious or recklessly indifferent to the Plaintiff's health or safety, then you may, but are not required to, award the Plaintiff an additional amount as punitive damages for the sole purposes of punishing the Defendant for engaging in such misconduct and deterring the Defendant and others from engaging in such misconduct in the future.

If you decide to award punitive damages, you should consider the following in deciding the amount of punitive damages to award:

1. how bad the Defendant's conduct was.  In this regard, you may consider whether the harm suffered by the Plaintiff was physical or economic or both; whether there was violence, deceit, intentional malice, reckless disregard for human health or safety; whether others were harmed by the same conduct of the Defendant that harmed the Plaintiff; and whether there was any repetition of the wrongful conduct and past conduct of the sort that harmed the Plaintiff;

2. how much harm actually resulted to the Plaintiff, from the Defendant's wrongful conduct;

3. what amount of punitive damages, in addition to the other damages already awarded, is needed, considering the Defendant's financial condition, to punish the Defendant for his or her wrongful conduct toward the Plaintiff and to deter the Defendant and others from similar wrongful conduct in the future;

4. in order to achieve the purposes of punitive damages set forth above, the amount of any punitive damages award should bear a reasonable relationship to the amount of compensatory damages you awarded, if any;

5.  the amount of possible harm the Defendant's conduct could cause the Plaintiff in the future; and

6.  in order to achieve the purposes of punitive damages set forth above, the amount of any punitive damages award should bear a reasonable relationship to the harm likely to be caused in a similar situation by conduct similar to the Defendant's wrongful conduct.

You may assess punitive damages against any or all Defendants or you may refuse to impose punitive damages.  If punitive damages are assessed against more than one Defendant, the amounts assessed against such Defendants may be the same or they may be different.

**(8th Circuit Model Jury Instruction 4.50C)**

## PUNITIVE DAMAGES - ASSAULT AND BATTERY

### Definition of "punitive damages" for purposes of Assault and Battery claims

As to Mr. Hixon's assault and battery claims, when there is clear and convincing evidence that Defendant Hernandez and/or Defendant McCarville acted with deliberate disregard for the rights or safety of others, you can also award Plaintiff Al Hixon additional damages. These "punitive damages" are intended to punish the Defendants and discourage others from behaving in a similar way.

### Clear and convincing evidence

The evidence must convince you that Defendant Hernandez and/or Defendant McCarville acted with deliberate disregard for the rights or safety of others.

You must have a firm belief, or be convinced there is a high probability, that Defendant Hernandez and/or Defendant McCarville acted this way.

### Deliberate disregard

"Deliberate disregard" means that Defendant Hernandez and/or Defendant McCarville:

1. Knew about facts or intentionally ignored facts that created a high probability of injury to the rights or safety of others, and

2. Deliberately acted

      a. with conscious or intentional disregard, or

      b. with indifference to the high probability of injury to the rights or safety of others.

### Factors to consider for punitive damages

If you decide to award punitive damages, consider, among other things, the following factors:

1. The seriousness of the hazard to the public that may have been or was caused by the Defendants' misconduct

2. The length of time of the misconduct and if the Defendants hid it

3. The attitude and conduct of the Defendants when the misconduct was discovered

4. The total effect of other punishment likely to be imposed on the Defendants as a result of the misconduct. This includes compensatory and punitive damage awards to Al Hixon.

**(Minnesota CIVJIG 94.10)**

Dated this 17th day of August, 2007

        Respectfully submitted,

        PARKER ROSEN, LLC

        By:    s/Andrew D. Parker
            Andrew D. Parker    #195042
            Anthony G. Edwards    #342555
            133 First Avenue North
            Minneapolis, Minnesota 55401
            Telephone: (612) 767-3000

        ATTORNEYS FOR PLAINTIFF