UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
_____

| | | |
|---|---|---|
| Aljuan C. Hixon, | ) | Case No. 06-Civil 1548 (RHK/JSM) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **PLAINTIFF'S PROPOSED** |
| City of Golden Valley, | ) | **SPECIAL VERDICT FORM** |
| Dennis Arons, | ) | |
| Mario Hernandez, | ) | |
| David Kuhnly, and | ) | |
| Christine McCarville, | ) | |
| | ) | |
| Defendants. | ) | |

_____

### EXCESSIVE FORCE – Hernandez

1. Did Defendant Mario Hernandez use excessive force in effecting the arrest of Plaintiff Al Hixon on April 2, 2005, in violation of 42 U.S.C. § 1983?

    _____ Yes

    _____ No

### ASSAULT AND BATTERY – Hernandez

2. Did Defendant Mario Hernandez assault Plaintiff Al Hixon on April 2, 2005?

    _____ Yes

    _____ No

3. Did Defendant Mario Hernandez commit battery upon Plaintiff Al Hixon on April 2, 2005?

_____ Yes

_____ No

## EXCESSIVE FORCE – McCarville

4. Did Defendant Christine McCarville use excessive force in effecting the arrest of Plaintiff Al Hixon on April 2, 2005, in violation of 42 U.S.C. § 1983?

_____ Yes

_____ No

## ASSAULT AND BATTERY – McCarville

5. Did Defendant Christine McCarville assault Plaintiff Al Hixon on April 2, 2005?

_____ Yes

_____ No

6. Did Defendant Christine McCarville commit battery upon Plaintiff Al Hixon on April 2, 2005?

_____ Yes

_____ No

**[SCOPE OF EMPLOYMENT – City of Golden Valley]**

*<u>Plaintiff suggests omitting Questions 7 and 8 because the parties have stipulated that Defendants were acting in the scope of their employment at the time of Plaintiff's arrest.</u>*

7. [Was Defendant Mario Hernandez acting in the scope of his employment for the City of Golden Valley at the time of his actions toward Al Hixon on April 2, 2005?

    _____ Yes

    _____ No]

8. [Was Defendant Christine McCarville acting in the scope of her employment for the City of Golden Valley at the time of her actions toward Al Hixon on April 2, 2005?

    _____ Yes

    _____ No]

**DAMAGES**

*[You must answer Question 9 and 10 - regardless of your answers to any of the other questions on this Special Verdict Form.]*

9. What amount of money will fairly and adequately compensate Plaintiff Al Hixon for damages caused by the incident on April 2, 2005, up to the time of this verdict, for:

    a. Past bodily harm, including physical pain, suffering, and disability?           $_____

    b. Past mental harm, including emotional distress, disability, and embarrassment?  $_____

    c. Past health care expenses?

        1. Doctors, clinics, physical therapists, etc?   $_____

        2. Diagnostic tests (x-rays, MRI's, etc.)?       $_____

    10.    What amount of money will fairly and adequately compensate Plaintiff Al Hixon for damages reasonably certain to occur in the future, directly caused by the incident on April 2, 2005, for:

        a. Future bodily harm, including physical pain, suffering, and disability?   $_____

        b. Future mental harm, including emotional distress, disability, and embarrassment?   $_____

        c. Future health care expenses?   $_____

*[As to Questions 11 and 12, you may award punitive damages against any defendant if you have first found against that defendant and awarded the plaintiff any actual damages.]*

    11.    We assess punitive damages against Defendant Mario Hernandez as follows:

        $_____ *(stating the amount or, if none, write the word "none").*

    12.    We assess punitive damages against Defendant Christine McCarville as follows:

        $_____ *(stating the amount or, if none, write the word "none").*

Date:_____           By:_____
                                                       FOREPERSON

1. _____        7. _____

2. _____        8. _____

3. _____        9. _____

4. _____        10. _____

5. _____        11. _____

6. _____        12. _____

**(Adapted from 8th Circuit Model Jury Instructions, Form 4.60)**

Dated this 17th day of August, 2007

                        Respectfully submitted,

                        PARKER ROSEN, LLC


                        By:   s/Andrew D. Parker
                            Andrew D. Parker        #195042
                            Anthony G. Edwards     #342555
                            133 First Avenue North
                            Minneapolis, Minnesota 55401
                            Telephone: (612) 767-3000

                        ATTORNEYS FOR PLAINTIFF