UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Aljuan C. Hixon, | Case No. 06-Civil-1548 (RHK/JSM) |
| Plaintiff, | |
| vs. | **MOTION IN LIMINE TO EXCLUDE IRS AND TAX-RELATED EVIDENCE** |
| City of Golden Valley, Dennis Arons, Mario Hernandez, David Kuhnly, and Christine McCarville, | |
| Defendants. | |

NOW COMES PLAINTIFF Al Hixon and, with respect to the trial in the above-captioned matter, scheduled for September 4, 2007, respectfully requests that the Court exclude the presentation and discussion of irrelevant evidence, specifically Plaintiff's personal and business tax returns and Plaintiff's filing thereof.

## I.    INTRODUCTION

Plaintiff Al Hixon has withdrawn any wage loss claim in this case. He is also not pursuing a claim for loss of future earning capacity. Notwithstanding, Defendants have suggested the use of Mr. Hixon's personal and corporate tax returns, and the timeliness of their filing, against him as impeachment evidence. Mr. Hixon's tax-related information is totally irrelevant to this case. This information is also not legitimate impeachment evidence. Introduction of the evidence would force a trial within a trial to no legitimate end, waste judicial resources, and create an unnecessary distraction from the issues in this

case. Defendants should be barred from inquiring about Plaintiff's tax returns and filings during the trial of this case.

## II. ARGUMENT

### A. Plaintiff's Tax Returns Are Not Relevant to this Case.

Defendants have endeavored to use Mr. Hixon's personal and business tax returns against him, based on their late filing.[1] Because Mr. Hixon is not pursuing claims for wage loss or loss of future earning capacity, however, his tax returns and the timeliness of their filing have no relevance to this case and should properly be excluded from evidence in this case.

In Shafer v. American Emp. Ins. Co., 535 F.Supp. 1067 (W.D.Ark. 1982), a personal-injury plaintiff not seeking an award for lost wages filed a motion in limine, asking the court to bar any inquiry regarding alleged inconsistencies between his filed tax returns and his sworn testimony. The court excluded the evidence, holding:

> Inasmuch as plaintiff has withdrawn his prayer for loss of income, it is doubtful that such evidence would be relevant to any issue in the case.
>
> Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed.R.Evid. 401. It is at best unclear as to how plaintiff's tax returns for 1977 through 1980 make the existence of liability or claimed damages more or less probable . . .

---

[1] Plaintiff's 2001 – 2006 personal and business tax returns were filed in early 2007. Defendants have produced a statement from the Internal Revenue Service indicating that Plaintiff's business returns are still unfiled, but this is incorrect. Plaintiff's business was previously issued a new Tax ID number, under which the returns were filed, by the IRS.

2

> Further, this Court finds that any probative value of such evidence would be substantially outweighed by the danger of unfair prejudice within the meaning of Rule 403. See Fed.R.Evid. 403.

Id. at 1069.

Plaintiff does not dispute that if he were pursuing claims for lost wages or loss of future earning capacity, his tax returns would be relevant and admissible in proving up his claims. Here, as in Shafer, however, Plaintiff has notified Defendants that he does not intend to pursue either form of damages in this case, and accordingly his tax returns have no tendency to make the existence of any fact of consequence to the determination of this action more or less probable. See Fed.R.Evid. 401. Indeed, Al Hixon's tax returns are even less relevant than those in Shafer, in that there is no allegation Mr. Hixon's returns are inaccurate or false. Moreover, to the extent the tax returns or their late filing have any relevance, the probative value of this evidence is substantially outweighed by the danger of unfair prejudice, and thus this evidence must be excluded under Rule 403.

B.   **Plaintiff's Tax Returns Are Not Proper Impeachment Evidence.**

Defendants may attempt to impeach Mr. Hixon's testimony by inquiring of him and/or other witnesses about the late filing of his tax returns. This is not proper impeachment, and Plaintiff seeks an order barring Defendants from inquiring regarding the returns.

Federal Rule of Evidence 608(b) permits inquiry into the specific acts related to crimen falsi (e. g., perjury, subornation of perjury, false statement, or embezzlement) to impeach a witness' credibility. See United States v. Kirk, 496 F.2d 947 (8th Cir. 1974). Civil tax problems, however, are not proper impeachment evidence under this doctrine.

3

See <u>United States v. Dennis</u>, 625 F.2d 782, 798 (8th Cir. 1980) (holding that "civil tax problems cannot be regarded as indicating a lack of truthfulness under this [<u>crimen falsi</u>] standard," even where the witness has been arrested for their tax problems); <u>see</u> also <u>Shafer</u>, 535 F.Supp. 1067, 1069 (holding that "the proffered evidence of plaintiff's income tax returns and/or their inaccuracy are not probative of plaintiff's truthfulness or untruthfulness and are not sufficiently indicative of <u>crimen falsi</u> of the plaintiff . . . to be relevant to plaintiff's truthfulness").

Here, Plaintiff has not been investigated, arrested, accused or charged with any crime regarding his delay in filing his tax returns. Plaintiff's basis for excluding any inquiry as to his "civil tax problem" is hence even stronger than that in <u>Dennis</u>, where the 8th Circuit upheld the trial court's exclusion of tax-related impeachment evidence against a plaintiff who had been arrested for tax problems. Meanwhile, the risk of unfair prejudice to the Plaintiff caused by inquiry into these tax returns is enormous, particularly in a he-said, she-said case like the one at bar. This unfair prejudice certainly substantially outweighs minimal probative value Plaintiff's tax returns, and the fact of their late filing, might have. This line of impeachment must be excluded.

**C.**   **<u>Allowing Evidence Regarding Plaintiff's Tax Returns Will Waste Time and Judicial Resources.</u>**

It is undisputed that Mr. Hixon filed his tax returns late. Once a jury is permitted to hear about that simple fact, however, Plaintiff will be obligated to clarify <u>why</u> the returns were filed late (necessitating testimony not only from Mr. Hixon but from his wife and likely his accountant as well), and educate the jury on the effect of the late filing

4

(i.e., the fact that no criminal charges are pending or contemplated, the nature and extent of any civil penalties, etc.). The discussion of this lone, irrelevant issue will devolve into a trial within a trial, wasting time and confusing the jury to no legitimate end. This evidence must be excluded under Rule 403 on the basis that it will confuse the issues, mislead the jury, and create undue delay and waste of time.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully asks this Court to exclude any evidence regarding Al Hixon's tax returns, including the timeliness or lateness of their filing, and to bar any inquiry into the subject during any and all witness examinations.

Dated: August 17, 2007              PARKER ROSEN, LLC


                                    By:   s/Andrew D. Parker
                                        Andrew D. Parker      #195042
                                        Anthony G. Edwards    #342555
                                        Attorneys for Plaintiff
                                        133 First Avenue North
                                        Minneapolis, MN  55401
                                        Telephone:  (612) 767-3000

                                    ATTORNEYS FOR PLAINTIFF