UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

_____

Aljuan C. Hixon,                                    Case No. 06-Civil 1548 (RHK/JSM)

　　　　　Plaintiff,

　　v.                                              **PLAINTIFF'S MEMORANDUM OF LAW
                                                    IN RESPONSE TO DEFENDANTS'
City of Golden Valley,                              MOTION IN LIMINE TO EXCLUDE
Dennis Arons,                                       MEDICAL RECORDS**
Mario Hernandez,
David Kuhnly, and
Christine McCarville,

　　　　　Defendants.

_____

## I.　　INTRODUCTION

Contrary to Defendants' arguments in their Motion in Limine to Exclude Medical Records, Plaintiff will lay a foundation for the admission of his medical records through the testimony of his treating physicians, who will be subject to cross-examination regarding Mr. Hixon's medical records, as well as their opinions regarding the causation of his diagnosed Post-Traumatic Stress Disorder and depression. Because Plaintiff's treating physicians will lay a proper foundation for his medical records, because the records are clearly relevant, and because there is no showing (nor even any argument) that the records are inauthentic[1], they should be admitted into evidence in this case. Moreover, even if Mr. Hixon's treating physicians are not permitted to testify, the

---

[1] Plaintiff has served notice of his intention to, if necessary, call records custodians to authenticate his medical records. Plaintiff awaits word from Defendants regarding whether they will stipulate to the authenticity of Plaintiff's medical records, obviating the need for the testimony of the records custodians.

custodians of Plaintiff's medical records can and will lay a foundation for their

admission.

## II.   ARGUMENT

### A.   MR. HIXON'S TREATING PHYSICIANS WILL LAY A PROPER FOUNDATION FOR THE ADMISSION OF HIS MEDICAL RECORDS

Defendants argue that Plaintiff should not be permitted to offer his medical

records into evidence, as they lack foundation.   Defendants' argument is incorrect.

Plaintiff's treating physicians can lay a proper foundation for these records.

The Rules of Evidence permit a party to offer into evidence:

> A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness . . . unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

See F.R.Evid. 803(6) (emphasis added).

Medical records, including statements of medical diagnoses, are admissible as

business records within the purview of F.R.Evid. 803(6) if relevant to the matter at bar.

See United States v. Woods, 970 F.Supp. 711, 720 (D.Minn.1997) (holding medical

records were admissible under F.R.Evid. 803(3), (4), (6), and (8)); Raycraft v. Duluth, M.

& I. R. Ry. Co., 472 F.2d 27, 30 (8th Cir. 1973) (noting that "federal courts have

interpreted their respective statutes to allow admission of diagnostic reports under the

business records act exception to the hearsay rule when such reports were made in the

course of treatment"); Skogen v. Dow Chemical Co., 375 F.2d 692, 704 (8th Cir. 1967)

(noting that "[h]ospital records are generally admissible as business records to show the case history and the injuries suffered").

A treating physician is a "qualified witness" under F.R.Evid. 803(6), and accordingly can lay the foundation for the admission of medical records into evidence, even if he did not create the actual records being offered.  See United States v. Azure, 801 F.2d 336, 342 (8th Cir. 1986) (holding that treating physician is a qualified witness to lay the foundation for admission of medical records); Woods, 970 F.Supp. at 720 (holding that psychiatrist could lay a foundation for portions of patient's voluminous medical records on which he relied in forming his opinion regarding patient's future dangerousness, as it would be unduly burdensome to require production of all or most of the individuals referenced in the records who had examined or treated the patient).

Plaintiff plans, and is entitled as a matter of law, to call his treating physicians, Dr. John Shirriff and Ginny Jacobs, to testify regarding his medical treatment, including his diagnoses of Post-Traumatic Stress Disorder ("PTSD") and depression.  These providers can testify, subject to cross-examination, regarding their respective diagnoses, including the causes of Mr. Hixon's PTSD and depression, and Mr. Hixon's prognosis regarding these conditions.  (See Plaintiff's Reply Memorandum of Law to Defendants' Motion in Limine to Exclude Expert Testimony.)  These providers can and will also lay a proper foundation for Plaintiff's medical records, in accordance with F.R.Evid. 803(6).

**B.** **EVEN IF MR. HIXON'S TREATING PHYSICIANS ARE EXCLUDED FROM TESTIFYING, HIS MEDICAL RECORDS ARE ADMISSIBLE**

Even if the Court excludes Plaintiff's treating physicians as witnesses, Plaintiff's relevant medical records stand on their own, and are admissible under the Rules of Evidence, subject to their authentication by a records custodian as required by F.R.Evid. 803(6) and 901.  No additional sponsoring witnesses are necessary in this case, because the uncontroverted[2] nexus between the highly traumatizing subject incident and Plaintiff's diagnosis of PTSD is plain even to a layperson.  See In re Baycol Prods. Litig., 321 F. Supp. 1118, 1125 (D.Minn.2004) (recognizing that "[l]ay testimony is adequate to prove causation in cases in which general experience and common sense will enable a layman to determine, with reasonable probability, the causal relationship between the event and the condition").  The remainder of Plaintiff's proffered medical records relate to physical injuries (including contusions, scrapes, wrist soreness caused by too-tight handcuffs, back pain caused by Defendant McCarville's diving onto Plaintiff's back with her knee, right shoulder pain caused by Defendant McCarville yanking Plaintiff's arm behind his back, and painful and dry eyes and tear ducts caused by exposure to pepper spray) whose cause and treatment are also readily understandable by a lay-jury without reliance on the testimony of experts or treating physicians.  Accordingly, all of Plaintiff's proffered medical records are admissible as business records, once their authenticity has

---

[2] Notably, even Defendants' independent medical examiner, Dr. Chris Johnston, concurred with Plaintiff's treating physicians in diagnosing PTSD and citing depression following the subject incident.

been established by the applicable records custodians, as required by F.R.Evid. 803(6) and 901.

### III.   <u>CONCLUSION</u>

Based on the foregoing reasons, Mr. Hixon respectfully requests that this Court reject Defendants' Motion in Limine to exclude his medical records from evidence.

Dated:  August 23, 2007             PARKER ROSEN, LLC


By:    s/Andrew D. Parker
    Andrew D. Parker             #195042
    Anthony G. Edwards          #342555
    133 First Avenue North
    Minneapolis, Minnesota 55401
    Telephone: (612) 767-3000

    ATTORNEYS FOR PLAINTIFF