UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
_____

| | |
|---|---|
| Aljuan C. Hixon, | Case No. 06-Civil 1548 (RHK/JSM) |
| Plaintiff, | |
| v. | **PLAINTIFF'S MEMORANDUM OF LAW IN RESPONSE TO DEFENDANTS' MOTION IN LIMINE TO EXCLUDE PRIOR CLAIMS OR COMPLAINTS AGAINST DEFENDANTS** |
| City of Golden Valley, Dennis Arons, Mario Hernandez, David Kuhnly, and Christine McCarville, | |
| Defendants. | |

_____

## I.  INTRODUCTION

Contrary to Defendants' arguments in their Motion in Limine to Exclude Prior Claims or Complaints Against Defendants, Plaintiff is entitled to inquire regarding prior claims against the Defendants for the limited purposes of rebutting any representations by Defendants regarding their prior clean records, and demonstrating that the City of Golden Valley has failed to adequately investigate complaints of excessive force, including Plaintiff's.

## II.  ARGUMENT

To the extent Defendants present evidence that they have not previously been disciplined, or otherwise present evidence of their strong duty performance, Plaintiff should be permitted to inquire regarding prior complaints against the officers, as prior complaints will, by virtue of the positive evidence presented, be relevant to their

credibility as witnesses, in accordance with F.R.Evid. 609.  Depending on Defendants' specific testimony, such evidence may also be admissible as demonstrating the absence of mistake or accident, in accordance with F.R.Evid. 404(b).

Additionally, the evidence in this case reflects that although Mr. Hixon provided two detailed, signed letters to the City of Golden Valley complaining of police maltreatment in the subject incident, the City conducted essentially no investigation before closing its file on the matter and categorizing Plaintiff's complaints as unfounded.  The evidence further indicates that the City has not sustained a single complaint regarding alleged racial discrimination or the use of excessive force in the past 20 years.  The City's apparent resistance to conducting any investigation in this case is indicative of the City's awareness of the wrongfulness of its officers' actions, and a desire to sweep this incident under the rug.  Moreover, the lack of any investigation followed by a finding that Mr. Hixon's complaints were "unfounded" further exacerbated the psychological injuries he suffered in this case.

Dated:  August 23, 2007          PARKER ROSEN, LLC


By:   s/Andrew D. Parker
    Andrew D. Parker          #195042
    Anthony G. Edwards        #342555
    133 First Avenue North
    Minneapolis, Minnesota 55401
    Telephone: (612) 767-3000

ATTORNEYS FOR PLAINTIFF