UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Aljuan C. Hixon, | Case No. 06-Civil-1548 (RHK/JSM) |
| Plaintiff, | |
| vs. | **MOTION IN LIMINE TO EXCLUDE REFERENCE TO PLAINTIFF'S ARREST AS LAWFUL** |
| City of Golden Valley, Dennis Arons, Mario Hernandez, David Kuhnly, and Christine McCarville, | |
| Defendants. | |

---

With respect to the trial in the above-captioned matter scheduled for September 6, 2007, Plaintiff Al Hixon respectfully requests that the Court exclude any reference by either party or in jury instructions that the Court has determined the arrest in this case to have been a lawful arrest (or such similar terms).

## I.     INTRODUCTION

Defendants have requested that when referring to the arrest of Mr. Hixon in instructions to the jury, the Court should describe the arrest as having been "lawful."[1]  Defendants have also asked the Court to take judicial notice that Mr. Hixon's arrest was "lawful" and instruct the jury that this has been proved.[2] Plaintiff further expects that Defendants intend to refer to the arrest in this case as

---

[1] (See Defendants' Proposed Jury Instructions (Docket #66), at Nos. 1, 8, 15, 16, and 22.)
[2] (See Id. at No. 8.)

1

having been lawful. To allow any such reference would be highly prejudicial and interfere with a fair and unbiased decision by the jury.

The issue of whether there was probable cause to arrest Plaintiff has been decided by the Court, and no false arrest or false imprisonment claim will be put to the jury.[3] However, the central issue before the jury is whether the manner in which Mr. Hixon was arrested was lawful. The distinction between these aspects of the arrest is so narrow it will create "confusion of the issues", and result in "misleading the jury". See F.R.Evid. 402. Referring to the arrest as "lawful" is in fact inaccurate, depending upon how broadly the term "arrest" is defined. While the arrest was lawful in terms of a claim of false arrest or false imprisonment, it may well not have been lawful in terms of the force used by the officers in effectuating the arrest, and indeed that very issue is at the core of this case.

There is no need for either party or the Court to use an adjective in describing the arrest. The Court will not be putting the issue of false arrest or false imprisonment to the jury and the jury will be left to determine whether or not excessive force was used. There is zero probative value in allowing use of an adjective to describe the arrest and, as already described, the unfair prejudice and likelihood of misleading the jury is substantial, particularly if the reference is submitted to the jury by the Court or relative to a finding made by the Court.

---

[3] (See the Court's Memorandum Opinion and Order regarding Defendants' Motion for Summary Judgment (Docket #50).)

## II.    ARGUMENT

Evidence which is not relevant is inadmissible.  See F.R.Evid. 402.  Even relevant "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ."  See F.R.Evid. 403.  Judicially noticed facts are subject to exclusionary rules, including Rule 403.  See Ohio Bell Telephone Co. v. Public Utilities Commission, 301 U.S. 292, 301-02, 57 S.Ct. 724, 729, 81 L.Ed. 1093 (1937) (holding that "notice, even when taken, has no other effect than to relieve one of the parties to a controversy of the burden of resorting to the usual forms of evidence"); Knop v. Johnson, 667 F.Supp. 467, 485 (W.D.Mich.1987) (holding that "judicial notice is an alternative means of proof that is subject, like all other offers of evidence, to rule[] 403").

The parties may, at the direction of the Court, submit proposed jury instructions to the Court, and may object to the Court's instructions and assign error based on the instructions as warranted.  See F.R.Civ.P. 51.  Jury instructions are legally insufficient when "taken as a whole, they are confusing or misleading in presenting the applicable principles of law."  See Bissett v. Burlington Northern R. Co., 969 F.2d 727, 729-30 (8th Cir. 1992).

Here, the central dispute between the parties is whether the arrest of Mr. Hixon by the Defendant officers was lawfully effected, yet Defendants ask this Court to specifically instruct the jury that this was a "lawful arrest."  While the Court has ruled that there was probable cause to arrest and thus the arrest was not

a false arrest, the term "lawful arrest" will not only confuse lay-jurors, it will directly mislead them.

The jury will view any instructions or judicial notice by the Court referring to the arrest as "lawful" as the Court's stamp of approval for Mr. Hixon's arrest, severely prejudicing Plaintiff's case. The same effect will occur to the extent counsel are permitted to refer to Mr. Hixon's "lawful arrest." (Indeed, creating this impermissible inference is the <u>only</u> potentially relevant purpose served by references to this as a lawful arrest.)[4]

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court exclude any reference by the parties, counsel, and the Court to the lawfulness of Mr. Hixon's arrest on April 2, 2005.

Dated: August 31, 2007      PARKER ROSEN, LLC


By: s/Andrew D. Parker
Andrew D. Parker    #195042
Anthony G. Edwards   #342555
Attorneys for Plaintiff
133 First Avenue North
Minneapolis, MN 55401
Telephone: (612) 767-3000

ATTORNEYS FOR PLAINTIFF

---

[4] Reference to the fact that there is no claim in this case for false arrest would not be improper, but is unnecessary.