UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
_____

| | |
|---|---|
| Aljuan C. Hixon, | Case No. 06-Civil 1548 (RHK/JSM) |
| Plaintiff, | |
| v. | |
| | **PLAINTIFF'S OBJECTIONS** |
| City of Golden Valley, | **AND REQUESTS** |
| Dennis Arons, | **REGARDING THE COURT'S** |
| Mario Hernandez, | **JURY INSTRUCTIONS** |
| David Kuhnly, and | |
| Christine McCarville, | |
| Defendants. | |

_____

COMES NOW the Plaintiff, Al Hixon, and makes the following objections and requests regarding the Court's proposed Jury Instructions.

## I.  STATE LAW CLAIMS AND STATUS OF CITY

Plaintiff notes the Court has deleted the City of Golden Valley as a party and consolidated his assault and battery claims into his Federal excessive-force claim.

Plaintiff is concerned that the deletion of the City of Golden Valley from the case caption may confuse the jurors, who have already been told that the City is a party to this case.  Plaintiff requests that the City be included in the caption in any documents provided to the jury in this case, including but not limited to the Jury Instructions and Special Verdict Form.  Plaintiff has also reconsidered the idea of having no Instruction regarding the City and asks that the jury be given a simple one sentence Instruction regarding the City's current status in the case, as discussed below.

1

Plaintiff has no objection to the consolidation of his assault and battery claims to the extent that all of Plaintiff's available remedies are safeguarded, and that applicable state and federal law is applied to the factual determinations made by the jury. Plaintiff reserves all rights in this regard.

## II.   JURY INSTRUCTIONS

### A.   Jury Instruction No. 7

Plaintiff requests that the second paragraph of the Court's Jury Instruction be substituted with the following:

> As you know from the testimony in this case, Mr. Hixon was taken into custody related to the robbery of a US Bank inside a Byerly's supermarket in Golden Valley. It was later determined at the scene that Mr. Hixon was not involved in the robbery. I previously determined in this case that the officers had the right to stop Mr. Hixon and take him into custody. I have made no determination, however, regarding the officers' decision to refer Mr. Hixon for charges of obstruction of legal process with force. The fact that the officers had cause to stop Mr. Hixon and take him into custody does not mean that they had the right to use excessive force when taking these actions. Therefore, the question that you must answer is whether the amount of force used by the officers was excessive, or whether it was reasonably necessary.

### B.   Jury Instruction No. 10

Plaintiff objects to the inclusion of this Instruction. It is agreed that Defendants used force against Plaintiff including pepper spray. If liability is found and damages are considered, there can be no genuine dispute that Plaintiff incurred physical injuries during his arrest, and has suffered from post-traumatic stress disorder following this incident.

There is no need for a nominal-damages instruction in this case, and the proposed Instruction improperly implies that Plaintiff may have suffered only nominal damages.

**C.      Requested Additional Instruction – Obstruction of Legal Process with Force**

The Court has indicated it will instruct the jury regarding Obstruction of Legal Process with Force.  The Defendants referred Mr. Hixon for charging for this offense despite there being no force used by Mr. Hixon, as required by Minnesota law, even according to Defendants version of events.  Moreover, Defendants continue to maintain that Mr. Hixon committed the offense, notwithstanding the fact that Deputy Chief Roger Johnson withdrew the charge.  Plaintiff proposes the following Instruction:

> You have heard evidence that the police officers who arrested Mr. Hixon referred him for criminal prosecution for obstruction of legal process with force.  The charge was later withdrawn by request of the Deputy Chief of the Golden Valley Police Department.
>
> Obstruction of legal process with force is a more serious charge than obstruction of legal process, and carries with it more serious penalties.  In order to be guilty of obstruction of legal process with force, a person must intentionally obstruct, resist, or interfere with a peace officer while the officer is engaged in the performance of official duties and the person must do so by using force or violence or the threat thereof, directly against the officer.

(Minn. Stat. § 609.50; see also State v. Engholm, 290 N.W.2d 780 (Minn. 1980); State v. Diedrich, 410 N.W.2d 20 (Minn.App.1987).)

**D.      Requested Additional Instruction – Testimony of Police Officers**

Plaintiff requests the following additional instruction regarding the testimony of police officers:

3

> The testimony of a police officer is entitled to no special or exclusive sanctity. A police officer who takes the witness stand subjects his testimony to the same examination and the same tests that any other witness does, and in the case of police officers, you should not believe them merely because they are police officers. You should recall their demeanor on the stand, their manner of testifying, the substance of their testimony and weigh and balance it just as carefully as you would the testimony of any other witness. People employed by the government, including policemen, do not stand in any higher station in the community than other persons, and their testimony is not entitled to any greater weight.

(Roberts v. Hollocher, 664 F.2d 200 (8th Cir. 1981); Butler v. City of Camden, 352 F.3d 811 (3rd Cir. 2003).)

**E.     Requested Additional Instruction – City of Golden Valley**

As noted above, Plaintiff asks that the Court restore the City of Golden Valley as a Defendant in the caption of any document submitted to the jury. Additionally, Plaintiff requests the following instruction to clarify the City's role in this case for the jury:

> The City of Golden Valley remains a Defendant in this case, however, you will not be asked to reach any specific factual findings regarding the City's role as a Defendant.

                              Respectfully submitted,

Dated: September 9, 2007        PARKER ROSEN, LLC

                              By:   s/Andrew D. Parker
                                 Andrew D. Parker     #195042
                                 Anthony G. Edwards   #342555
                                 133 First Avenue North
                                 Minneapolis, Minnesota 55401
                                 Telephone: (612) 767-3000

                                 ATTORNEYS FOR PLAINTIFF