UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
_____

| | |
|---|---|
| Aljuan C. Hixon, | Case No. 06-Civil 1548 (RHK/JSM) |
| Plaintiff, | |
| v. | **MEMORANDUM IN SUPPORT OF PROPOSED JUDGMENT** |
| City of Golden Valley, Dennis Arons, Mario Hernandez, David Kuhnly, and Christine McCarville, | |
| Defendants. | |

_____

## I.   INTRODUCTION

This Memorandum is in response to the Court's request that the parties submit a proposed Judgment for use by the Court. For the reasons discussed below, Plaintiff respectfully requests that the Court enter Judgment in his favor, including the terms provided in Plaintiff's proposed Judgment, rather than the proposed Judgment provided by Defendants.

## II.   ARGUMENT

### A.   The Court Should Enter Judgment on Plaintiff's Common-Law Tort and *Respondeat Superior* Claims.

The Court elected to omit Plaintiff's common-law tort claims from the Special Verdict Form, holding that if the jury found that one or more Defendants had used excessive force, it would by definition be finding that they had committed assault and

battery as a matter of law.  See Paradise v. Minneapolis, 297 N.W.2d 152, 155 (Minn. 1980) (holding that "if the officers in this case used excessive force [in arresting the plaintiff], their touching of plaintiff would be unpermitted and thus constitute a battery").  Plaintiff agrees with the Court in this respect, and no party objected to the omission of Plaintiff's assault and battery claims from the Special Verdict Form.  Plaintiff asks, however, that the claims, and the jury's findings on them, be memorialized in the Judgment in this case.  Because the jury found that Defendant Hernandez used excessive force in arresting Mr. Hixon, Plaintiff asks that the Court enter judgment in his favor against Defendant Hernandez as to his assault and battery claims.

As to Plaintiff's *respondeat superior* claims, the parties agreed, in the Stipulation of Fact, that Defendants Hernandez and McCarville were acting in the scope of their employment at the time they arrested Plaintiff.  Accordingly, Plaintiff has a right to judgment not only against Defendant Hernandez for his state tort claims but also against Defendant City of Golden Valley ("City") for those claims.  Plaintiff asks that the Court's Judgment reflect that Defendant Hernandez and Defendant City are jointly and severally liable in this case.

**B. Plaintiff is the Prevailing Party and Entitled to an Award of Costs and Attorneys' Fees.**

Because Plaintiff prevailed in this case, he is entitled to an award of costs and attorneys' fees in this matter.  Plaintiff asks that the Court's Judgment include clear language to this effect.

In an action in United States District Court, "costs shall be allowed as of course to the prevailing party unless the court otherwise directs." See F. R. Civ. P. 54(d). "In any action or proceeding to enforce [42 U.S.C. section 1983), the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." See 42 U.S.C. § 1988(b). "To be a prevailing party, the plaintiffs must 'succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" See Forest Park II v. Hadley, 408 F.3d 1052, 1059 (8th Cir.2005) (quoting Farrar v. Hobby, 506 U.S. 103, 109, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992)); see also Allen v. Tobacco Superstore, Inc., 475 F.3d 931, 943 (8th Cir. 2007) (upholding an award of attorney fees and costs to a plaintiff, holding she "was the prevailing party in this case because she obtained judgment in her favor on two of her [eight] claims"); American Steel Works v. Hurley Const. Co., 46 F.R.D. 465, 471-72 (D.Minn.1969) (citation omitted) (holding that "even though a party does not recover on his entire claim, he still may be the 'prevailing party'").

In the civil rights context, ruling on the availability of costs and attorney fees under 42 U.S.C. section 1988, the Eighth Circuit Court of Appeals has held that:

> A plaintiff qualifies as a prevailing party once he has been successful on a single substantial claim brought in the context of a civil rights suit; success on all claims made is not required. It is sufficient if a significant issue is determined in the plaintiff's favor and leads to the achievement of some of the benefits sought by bringing suit. When a plaintiff essentially succeeds in obtaining the sought-after relief in his claims on the merits, that plaintiff is a prevailing party.

See Reel v. Arkansas Dept. of Correction, 672 F.2d 693, 697 (8th Cir. 1982) (citations omitted).

By virtue of the jury's liability findings and its significant award of compensatory and punitive damages, Plaintiff was clearly the prevailing party in this case. Notwithstanding, Defendants have asked that judgment be entered in favor of Defendant McCarville, and that Plaintiff be obligated to pay her costs. Defendants' argument is specious. Plaintiff's claims against Defendant McCarville are inextricably intertwined with those against the other Defendants. Costs associated with the McCarville claims cannot be differentiated from those associated with claims brought against Defendants City or Hernandez. There can be no legitimate dispute that Plaintiff prevailed in this action, and taxing him with Defendant McCarville's costs and/or attorney fees would be contrary to the letter and spirit of the law.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff Al Hixon respectfully requests that the Court enter Judgment in his favor, including the terms provided in Plaintiff's proposed Judgment.

Dated:  September 27, 2007          PARKER ROSEN, LLC

                                             By:   s/Andrew D. Parker
                                                Andrew D. Parker          #195042
                                                Anthony G. Edwards       #342555
                                                133 First Avenue North
                                                Minneapolis, Minnesota 55401
                                                Telephone: (612) 767-3000

                                                ATTORNEYS FOR PLAINTIFF