## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Aljuan C. Hixon,

                              Plaintiff,

                                                                           Civil No. 06-1548 (RHK/JSM)

v.                                                                   **ORDER FOR JUDGMENT**

City of Golden Valley, *et al.*,

                              Defendants.

---

The above-entitled action came on for trial before the undersigned and a jury on September 6-13, 2007. On September 13, 2007, the jury returned its Special Verdicts, which the Court adopted by Order dated September 18, 2007. The Court then directed the parties to jointly submit a proposed form of judgment or, if they were unable to agree, to submit their respective forms of judgment to the Court for review. The parties have been unable to agree on the form of judgment and have now submitted their proposed judgments to the Court.

There are two major substantive differences between the parties' proposed judgments.[1] First, Plaintiff requests that judgment be entered against both Defendant Mario Hernandez and the City of Golden Valley, jointly and severally, rather than against

---

[1] There is also one procedural difference: Plaintiff requests that the Court recite in the judgment each of the claims upon which liability was found (or was not found) by the jury. The Court declines to do so. See Fed. R. Civ. P., App. Form 30 (judgment should merely state that plaintiff shall recover of defendant sum specified in jury verdict or shall take nothing of defendant); see also Fed. R. Civ. P. 54(a).

1

Hernandez alone. Although the City was not mentioned in the one claim that the Court submitted to the jury (excessive force), the jury's finding that Hernandez used excessive force necessarily means that Hernandez also committed a battery – which was pled by Plaintiff in the Amended Complaint – under Minnesota law. See Paradise v. City of Minneapolis, 297 N.W.2d 152, 155 (Minn. 1980) ("It is clear . . . that if the officers in this case used excessive force, their touching of plaintiff would be unpermitted and thus constitute a battery."). And, because the City has conceded that Hernandez's actions were taken in the scope and course of his employment (see Answer to Amended Complaint ¶ 4), the City may be held liable for that battery under the doctrine of *respondeat superior*. See Minn. Stat. § 466.02. Moreover, including the City in the judgment is consistent with the representations made to the Court by the City's counsel, on the record, that the City would indemnify the individual Defendants in the event the jury returned a verdict in Plaintiff's favor. Finally, in its most recent submission (Doc. No. 131), the City has nowhere argued that it should be omitted from the Court's final judgment. Accordingly, the Court will direct the entry of judgment against both Defendant Hernandez and the City of Golden Valley, jointly and severally.[2]

Second, Defendant McCarville – against whom the jury assessed no liability –

---

[2] The Court is aware that the City enjoys immunity under Minnesota law from an award of punitive damages. See Minn. Stat. § 466.04, subd. 1(b). Nevertheless, it concludes that the City has waived its rights under this statute, based on its counsel's representation to the Court that the City would indemnify the individual Defendants for any verdict rendered against them. See, e.g., Snyder v. City of Minneapolis, 441 N.W.2d 781, 787-88 (Minn. 1989) (suggesting that provisions of Section 466.04 can be waived, although holding that no waiver had occurred in that case).

requests that the judgment reflect that she is entitled to an award of costs. Under Federal Rule of Civil Procedure 54(d), "costs . . . shall be allowed to the prevailing party unless the court otherwise directs." While a prevailing party is "presumptively entitled to recover all of its costs," Thompson v. Wal-Mart Stores, Inc., 472 F.3d 515, 517 (8th Cir. 2006), a district court enjoys wide discretion to deny costs to a prevailing party as long as it provides a legitimate reason for doing so, id.

Here, the Court declines to include an award of costs to McCarville in the judgment, for two reasons. First, although the jury found in McCarville's favor, she is not a "prevailing party." As the Seventh Circuit recently noted, "when one party gets substantial relief it prevails even if it doesn't win on every claim." Slane v. Mariah Boats, Inc., 164 F.3d 1065, 1068 (7th Cir. 1999); accord Head v. Medford, 62 F.3d 351, 354-55 (11th Cir. 1995). In the Court's view, Plaintiff is the prevailing party here even though he was unsuccessful in his claim against McCarville, because he prevailed on the core allegation in the Amended Complaint: that he was subjected to excessive force. Second, McCarville has nowhere suggested that the costs she incurred were in any way discrete from those incurred by Hernandez or the City. When "litigation expenses were jointly incurred by a prevailing defendant and a losing defendant [and they] were jointly represented, it is . . . reasonable to deny costs to the prevailing defendant." Tao of Sys. Integration, Inc. v. Analytical Servs. & Materials, Inc., 412 F. Supp. 2d 571, 576 n.10 (E.D. Va. 2006); McKenna v. Ferreira, Civ. No. 92-4991, 1996 WL 711019, at *2 (E.D. Pa. Dec. 5, 1996) (same).

Based on the foregoing, **IT IS ORDERED** that the Clerk of the Court shall enter

judgment in this matter as follows:

1. **IT IS ORDERED, ADJUDGED, AND DECREED** that Plaintiff Aljuan C. Hixon take nothing of Defendant Christine McCarville and that this action is dismissed with prejudice against McCarville, with no costs taxed against Hixon;

2. **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Plaintiff Aljuan C. Hixon recover of Defendants Mario Hernandez and the City of Golden Valley, jointly and severally, the sum of $328,000 (Three Hundred Twenty-Eight Thousand Dollars) as and for compensatory damages; and

3. **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Plaintiff Aljuan C. Hixon recover of Defendants Mario Hernandez and the City of Golden Valley, jointly and severally, the sum of $450,000 (Four Hundred Fifty Thousand Dollars) as and for punitive damages.

**LET JUDGMENT BE ENTERED ACCORDINGLY.** [3]

Dated: October  3 , 2007            s/Richard H. Kyle
                                    RICHARD H. KYLE
                                    United States District Judge

---

[3] The Court reserves jurisdiction over this matter for purposes of Plaintiff's claim for attorneys' fees and costs.