# EXHIBIT 1

## AGREEMENT FOR LEGAL SERVICES

This Agreement is between Smith Parker, P.L.L.P. and Al Hixon ("Client"). Smith Parker agrees to provide all legal services requested by Client regarding claims made by Client related to police incident of April 2, 2005. Client agrees to pay Smith Parker forty percent (40%) of any gross recovery obtained, whether obtained through a settlement or trial or other proceeding. "Gross recovery" is equal to the total of any monetary settlement or award, including any expense award or the monetary equivalent of any settlement or award if the settlement or award includes a benefit to Client which is structured through payments over time or is not monetary. In addition, any attorney's fees that may be awarded pursuant to applicable statutes shall be the property of Smith Parker and said amounts shall be in addition to the 40% referred to above.

Other legal staff will be billed at standard hourly rates as set forth by Smith Parker with notice to Client.

| | |
|---|---|
| Andrew D. Parker | $350 per hour |
| Louis N. Smith | $275 per hour |
| Frederick Brown | $275 per hour |
| Charles Holtman | $210 per hour |
| Anthony G. Edwards | $185 per hour |
| John W. Munger | $185 per hour |
| Nancy V. Mate | $160 per hour |
| Thomas Johnson | $125 per hour |
| Barb M. Livick | $105 per hour |
| Law Clerk | $105 per hour |
| Susie Helget | $90 per hour |
| Evan M. Reminick | $80 per hour |
| Case Assistant | $80 per hour |

Client agrees to pay all expenses consistent with the expense schedule outlined below. Any expense not identified will be charged at actual cost.

| | |
|---|---|
| Photocopying | $.25 per page |
| Facsimile transmission | No Charge |
| Long distance telephone charges | Actual cost |
| Computer assisted legal research | Actual cost |
| Courier charges | Actual cost |
| Travel | Actual cost |
| Filing fees | Actual cost |
| Postage | Actual cost |
| Third party vendor charges | Actual cost |

Client agrees to pay expenses within two weeks of receipt of an invoice from Smith Parker for such reimbursement. Expenses must be paid in accordance with the invoice regardless of the outcome of the case and on an ongoing basis as presented.

All fees, service charges and disbursements will be billed by Smith Parker as determined by the firm. Any questions or disputes concerning invoices should be brought to the attention of Smith Parker within two weeks after receipt of the invoice. Formal dispute resolution procedures are available through the local bar association and will apply to this Agreement.

A late payment charge of 8% per year (or the maximum allowable rate, if lower) may be added to any unpaid invoice over 30 days past due.

As the Client, Al ~~Hickson~~ Hixon may terminate Smith Parker as its legal counsel at any time by written notice to Smith Parker. Smith Parker may also withdraw as legal counsel or suspend or limit its services for nonpayment or otherwise in compliance with applicable rules of professional responsibility.

To confirm acceptance of the terms of this Agreement, the parties will sign this document where indicated below, thereby establishing a legally binding Agreement.

Accepted and Agreed:

Dated: __June 21__, 2005.        SMITH PARKER, P.L.L.P.

By: _____

Accepted and Agreed:

Dated: __24 June__, 2005.        _____
                                  Al Hixon

**EXHIBIT 2**

## AGREEMENT FOR LEGAL SERVICES

This Agreement is between Parker Rosen, L.L.C. and Aljuan C. Hixon ("Client"). This Agreement shall supersede the existing Agreement for Legal Services between Client and Smith Parker, P.L.L.P., signed by Client on June 24, 2005.

Parker Rosen agrees to provide all legal services requested by Client regarding claims related to an incident involving officers of the Golden Valley Police Department on April 2, 2005. Client agrees to pay Parker Rosen fifty percent (50%) of any gross recovery obtained through settlement, trial or otherwise following service of a Complaint. "Gross recovery" includes the total of any monetary settlement or judicial award, including any attorney fees and/or costs awarded through a judicial, arbitral, or other legal proceeding.

This Agreement covers legal services related to the matter(s) described above through trial or arbitration proceeding. If any appeals arise from the matter(s), a new fee agreement will need to be prepared.

Client also agrees to pay all expenses consistent with the expense schedule outlined below. Any expense not identified will be charged at actual cost.

| | |
|---|---|
| Photocopying | $.25 per page |
| Facsimile transmission | No Charge |
| Long distance telephone charges | Actual cost |
| Computer assisted legal research | Actual cost |
| Courier charges | Actual cost |
| Travel | Actual cost |
| Filing fees | Actual cost |
| Postage | Actual cost |
| Third party vendor charges | Actual cost |
| Expert consultation and witness fees | Actual cost |

Parker Rosen agrees to provide monthly legal service invoices describing the services provided and expenses, fees, service charges and disbursements incurred. Time will be recorded in $1/10^{th}$ hour increments and hourly rates are subject to periodic adjustments by Parker Rosen with notice to Client.

All expenses, fees, service charges and disbursements will be billed by Parker Rosen on a monthly basis and will be due by Client within 30 days after receipt. To the extent any expenses, fees, service charges and disbursements remain unpaid by Client upon receipt of any monetary settlement or judicial award, Parker Rosen will be paid by Client for all expenses, fees, service charges and disbursements by deducting any fees, service charges and disbursements due and owing from Plaintiff's share of any recovery received after the contingency percentage is calculated.

Any questions or disputes concerning invoices should be brought to the attention of Parker Rosen within two weeks after receipt of the invoice. Formal dispute resolution procedures are available through the local bar association and will apply to this Agreement.

A late payment charge of 8% per year (or the maximum allowable rate, if lower) may be added to any unpaid invoice over 30 days past due.

As the Client, Aljuan C. Hixon may terminate Parker Rosen as his legal counsel at any time by written notice to Parker Rosen. Parker Rosen may also withdraw as legal counsel or suspend or limit its services for nonpayment or otherwise in compliance with applicable rules of professional responsibility.

To confirm acceptance of the terms of this Agreement, the parties will sign this document where indicated below, thereby establishing a legally binding Agreement.

Accepted and Agreed:

Dated: __Oct. 5__, 2007.    PARKER ROSEN, L.L.C.

By: _____

Accepted and Agreed:

Dated: __5 Oct__, 2007.    _____
                            Aljuan C. Hixon

**EXHIBIT 3**

## INVOICE SUMMARY

### SMITH PARKER, PLLP

| Producer | Rate | Total Hours | Total Fees |
|---|---|---|---|
| Andrew D. Parker | $400.00 | 13.90 | $ 5560.00 |
| Anthony G. Edwards | $300.00 | 64.30 | $19,290.00 |
| Barbara M. Livick | $125.00 | 2.90 | $   362.50 |
| Brenda J. Hanson | $95.00 | .50 | $    47.50 |
| **TOTAL:** | | | **$25,260.00** |

### PARKER ROSEN, LLC

| Producer | Rate | Total Hours | Total Fees |
|---|---|---|---|
| Andrew D. Parker | $400.00 | 399.50 | $159,800.00 |
| Daniel N. Rosen | $350.00 | 10.10 | $   3,535.00 |
| Anthony G. Edwards | $300.00 | 581.40 | $174,420.00 |
| Nancy V. Mate | $220.00 | 231.10 | $ 50,842.00 |
| Douglas G. Wardlow | $200.00 | 7.40 | $  1,480.00 |
| Barbara M. Livick | $125.00 | 408.20 | $ 51,025.00 |
| Brenda J. Hanson | $95.00 | 26.10 | $  2,479.50 |
| Karen V. Wendt | $95.00 | 7.10 | $674.50 |
| **TOTAL:** | | | **$444,256.00** |

**TOTAL FEES:** $469,516.00

**TOTAL COSTS:** $15,096.52

**TOTAL FEES AND COSTS:** $484,585.52

**EXHIBIT 4**

**SMITH PARKER PLLP**
123 North Third Street, Suite 808
Minneapolis, MN 55401
EIN 41-1827469

# Invoice

| Date | Invoice # |
|---|---|
| 9/30/2007 | 1726 |

Mr. Al Hixon
2225 Xerxes Avenue North
Golden Valley, MN 55422

**MATTER**

1410-001

| Attorney | Date | Description/Comments | Hours |
|---|---|---|---|
| Anthony G. Edwards - 2005 | 6/7/2005 | Review documentation; develop strategy. | 1.00 |
| Andrew D. Parker - 2005 | 6/7/2005 | Discussion with client regarding background and review of documents related to same. | 1.80 |
| Andrew D. Parker - 2005 | 6/8/2005 | Prepare for and meet with client; discuss background facts; discuss alternative courses of action. | 2.80 |
| Anthony G. Edwards - 2005 | 6/8/2005 | Initial client meeting. | 2.70 |
| Anthony G. Edwards - 2005 | 6/21/2005 | Meet with client. | 1.40 |
| Andrew D. Parker - 2005 | 6/21/2005 | Meet with clients regarding background and coordinate investigation. | 1.00 |
| Anthony G. Edwards - 2005 | 6/23/2005 | Telephone call to client. | 0.20 |
| Anthony G. Edwards - 2005 | 6/24/2005 | Telephone call to client; meet with client. | 3.40 |
| Anthony G. Edwards - 2005 | 6/27/2005 | Prepare memo to file regarding client interview; prepare correspondence requesting employment and medical data. | 4.10 |
| Andrew D. Parker - 2005 | 6/28/2005 | Prepare correspondence to City notifying them of representation and requesting information. | 2.10 |
| Anthony G. Edwards - 2005 | 6/28/2005 | Telephone calls to client's former employers; conduct research for letter to Golden Valley; revise letter to Golden Valley. | 1.10 |
| Barbara M. Livick - 2005 | 6/28/2005 | Conference with Attorney Edwards regarding investigation. | 0.20 |
| Brenda J. Hanson - 2005 | 6/28/2005 | Coordinate file. | 0.20 |
| Anthony G. Edwards - 2005 | 6/29/2005 | Discussion with client's former employer, IMS; telephone call to Ron Feist; interview Ron Feist, Dave Greenwood, Rebecca Madden in Golden Valley; examine site of incident; discussion with client; email to client. | 2.00 |
| Anthony G. Edwards - 2005 | 7/1/2005 | Telephone call to client; prepare memo to file regarding witness interviews. | 1.60 |
| Barbara M. Livick - 2005 | 7/1/2005 | Work on investigation. | 0.40 |
| Anthony G. Edwards - 2005 | 7/13/2005 | Discussion with client. | 0.30 |
| Anthony G. Edwards - 2005 | 7/14/2005 | Review medical records. | 0.30 |
| Andrew D. Parker - 2005 | 7/15/2005 | Review correspondence from opposing counsel; review interview notes related to same. | 1.00 |
| Anthony G. Edwards - 2005 | 7/20/2005 | Review work records; request additional records. | 1.00 |
| Anthony G. Edwards - 2005 | 7/27/2005 | Discussion with Health Partners; telephone call to client. | 0.30 |
| Anthony G. Edwards - 2005 | 8/9/2005 | Research Minnesota Government Data Practices Act; prepare correspondence to Allen Bernard. | 1.20 |
| Anthony G. Edwards - 2005 | 8/10/2005 | Review file; develop strategy. | 0.80 |
| Anthony G. Edwards - 2005 | 8/11/2005 | Research cause of action; review evidence from Golden Valley. | 6.20 |

# SMITH PARKER PLLP

123 North Third Street, Suite 808
Minneapolis, MN 55401
EIN 41-1827469

# Invoice

| Date | Invoice # |
|---|---|
| 9/30/2007 | 1726 |

Mr. Al Hixon
2225 Xerxes Avenue North
Golden Valley, MN 55422

**MATTER**

1410-001

| Attorney | Date | Description/Comments | Hours |
|---|---|---|---|
| Anthony G. Edwards - 2005 | 8/12/2005 | Review witness statements; review evidence; develop strategy; research causes of action; prepare Complaint. | 6.50 |
| Barbara M. Livick - 2005 | 8/12/2005 | Review, summarize and organize documents produced by City of St. Louis Park, particularly police officer personnel records. | 2.30 |
| Andrew D. Parker - 2005 | 8/15/2005 | Review request for information and revise correspondence related to same. | 4.00 |
| Anthony G. Edwards - 2005 | 8/15/2005 | Review medical records; prepare correspondence to Allen Bernard; revise correspondence. | 1.90 |
| Anthony G. Edwards - 2005 | 8/16/2005 | Prepare Complaint; prepare correspondence to Allen Bernard; revise correspondence. | 4.40 |
| Anthony G. Edwards - 2005 | 8/17/2005 | Develop strategy; discussion with client; prepare Complaint. | 2.90 |
| Anthony G. Edwards - 2005 | 8/19/2005 | Email correspondence with client; develop strategy; review file; interview Amy Al Hamidi; interview Connie Clayman; prepare Memo for Record; prepare Complaint; research causes of action for denial of medical care. | 6.80 |
| Anthony G. Edwards - 2005 | 8/22/2005 | Discussion with client. | 0.30 |
| Brenda J. Hanson - 2005 | 8/23/2005 | Work on correspondence regarding Al Hixon. | 0.30 |
| Andrew D. Parker - 2005 | 8/23/2005 | Prepare correspondence to opposing counsel regarding transcripts. | 0.40 |
| Anthony G. Edwards - 2005 | 8/23/2005 | Discussion with client. | 0.30 |
| Anthony G. Edwards - 2005 | 8/24/2005 | Discussion with Department of Human Rights; review Department of Human Rights forms and client's answers. | 1.00 |
| Anthony G. Edwards - 2005 | 8/25/2005 | Discussion with Department of Human Rights; discussion with client; prepare Department of Human Rights charge. | 2.00 |
| Anthony G. Edwards - 2005 | 8/29/2005 | Complete Department of Human Rights forms. | 2.50 |
| Anthony G. Edwards - 2005 | 8/30/2005 | Review NMMC records. | 0.50 |
| Anthony G. Edwards - 2005 | 9/1/2005 | Discussion with client on two occasions; finalize Department of Human Rights charge paperwork; prepare correspondence to Department of Human Rights. | 1.40 |
| Andrew D. Parker - 2005 | 9/6/2005 | Review transcript and tape. | 0.80 |
| Anthony G. Edwards - 2005 | 9/6/2005 | Review 911 transcript; listen to dispatch tape. | 0.40 |
| Anthony G. Edwards - 2005 | 9/13/2005 | Review Department of Human Rights charges; discussion with client. | 0.60 |
| Anthony G. Edwards - 2005 | 9/20/2005 | Check on status of information request; develop strategy. | 0.30 |
| Anthony G. Edwards - 2005 | 9/23/2005 | Organize file; review officer training materials. | 0.60 |
| Anthony G. Edwards - 2005 | 9/30/2005 | Prepare correspondence to Allen Bernard; develop strategy. | 1.10 |

**SMITH PARKER PLLP**
123 North Third Street, Suite 808
Minneapolis, MN  55401
EIN 41-1827469

# Invoice

| Date | Invoice # |
|---|---|
| 9/30/2007 | 1726 |

Mr. Al Hixon
2225 Xerxes Avenue North
Golden Valley, MN 55422

**MATTER**

1410-001

| Attorney | Date | Description/Comments | Hours |
|---|---|---|---|
| Anthony G. Edwards - 2005 | 10/5/2005 | Discussion with client. | 0.50 |
| Anthony G. Edwards - 2005 | 10/10/2005 | Review correspondence from client; prepare correspondence to client. | 0.50 |
| Anthony G. Edwards - 2005 | 10/17/2005 | Discussion with Sheri Hixon; prepare chronology of events. | 1.70 |
| Anthony G. Edwards - 2005 | 10/27/2005 | Develop strategy. | 0.50 |

SMITH PARKER PLLP