UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Aljuan C. Hixon,

                Plaintiff,

                                            Civ. No. 06-1548 (RHK/JSM)
                                            **MEMORANDUM OPINION AND**
                                            **ORDER**

v.

City of Golden Valley, *et al.*,

                Defendants.

---

Andrew D. Parker, Anthony G. Edwards, Parker Rosen, L.L.C., Minneapolis, Minnesota, for Plaintiff.

Jon K. Iverson, Susan M. Tindal, Iverson Reuvers, Bloomington, Minnesota, for Defendants.

---

This matter is before the Court on Plaintiff Aljuan Hixon's Motion for Attorneys' Fees and Costs Under 42 U.S.C. Section 1988 (Doc. No. 139). For the reasons set forth below, Hixon's Motion will be granted in part and denied in part.

## BACKGROUND

This case arose out of Plaintiff Aljuan Hixon's arrest on April 2, 2005 by City of Golden Valley police officers. The crux of the Complaint was that the officers used excessive force when effecting the arrest. Hixon asserted eleven claims in his Complaint against five Defendants (the City and four police officers, in their individual capacities). Most of Hixon's claims were dismissed at summary judgment; the only claims surviving to trial were for excessive force under 42 U.S.C. § 1983 and for assault and battery under

state law. Those claims were tried to a jury between September 6, 2007, and September 11, 2007. On September 13, 2007, the jury returned a verdict finding Defendant Mario Hernandez liable, and it awarded Hixon $328,000 in compensatory damages and $450,000 in punitive damages. On September 18, 2007, the Court adopted the jury's verdict, and on October 3, 2007, the Court entered Judgment against Hernandez and the City.[1] And, on November 29, 2007, the Court denied the Defendants' Motion for New Trial or Remittitur.

Hixon now moves for an award of attorneys' fees and costs under 42 U.S.C. § 1988. The City and Hernandez (who are referred to hereinafter as the "Defendants") oppose Hixon's Motion.

## ANALYSIS

**I.    Attorneys' fees**

Under 42 U.S.C. § 1988(b), a prevailing plaintiff in a Section-1983 action may recover his attorneys' fees. The fees awarded, however, must be reasonable. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). There is no dispute here that Hixon is the prevailing party and, therefore, that he is entitled to recover his attorneys' fees. The only question confronting the Court is the appropriate amount of the fees to be awarded.

Hixon asks the Court to award him $469,516 in attorneys' fees for work performed up to and including the entry of Judgment in this case. (Pl. Mem. at 13.) He also requests

---

[1] The City was included in the Judgment because (1) it was liable under the doctrine of *respondeat superior* on the state-law claims and (2) it represented to the Court that it would indemnify Hernandez in the event of an adverse verdict. (See Order for Judgment (Doc. No. 136) at 2.)

an additional $24,447 for fees incurred in connection with his fee application and in defending against the Defendants' Motion for New Trial or Remittitur.  (See Doc. No. 168.)  Finally, he also requests a 20% enhancement to the fee award due to the "excellence" of his counsel's representation and the "exceptional" nature of the damages awarded by the jury.  (Pl. Mem. at 6-8.)  The Defendants argue that the fees are excessive and must be reduced because (1) Hixon was only partially successful on his claims and his counsel devoted time and effort to claims that Hixon dropped before trial, and (2) his counsel has submitted vague, redundant, and excessive billing records.  (Mem. in Opp'n at 3-11.)[2]  The Defendants also argue that the results achieved in this case were not so extraordinary as to merit an enhancement for "exceptional" results.  (Id. at 12-14.)

### A.    The Court will make a small reduction in the requested fee amount

The starting point for an award of attorneys' fees must always be the "lodestar," which supplies an "initial estimate" of the appropriate amount to award.  Blum v. Stenson, 465 U.S. 886, 888 (1984).  There is a "strong presumption" that the lodestar figure represents the reasonable fee to be awarded.  City of Burlington v. Dague, 505 U.S. 557,

---

[2] The extent to which the Defendants challenge the requested fees is not entirely clear.  In their Memorandum, they purport to seek "a reduction of attorneys' fees by at least 40 percent."  (Mem. in Opp'n at 11.)  However, in a 27-page table submitted by the Defendants' counsel, in which the Defendants challenge certain of Hixon's counsel's billing entries, the Defendants only take issue with $25,863.50 in "excessive" fees (see Tindal Aff. (Doc. No. 153) Ex. 1 at 27), which is far less than the 40% reduction the Defendants purportedly seek.  Compounding the confusion, it is unclear where the $25,863.50 figure comes from; the total of the challenged entries in the table exceeds $80,000.  Regardless, the Court believes that it is safe to assume the Defendants wish for it to reduce Hixon's requested fees by the greatest amount it deems appropriate.

562 (1992). To calculate the lodestar amount, the Court must multiply the reasonable number of hours expended by a reasonable hourly rate for each attorney performing the work. Id. at 559-60 (citation omitted). That amount must then be adjusted upward or downward "on the basis of the results obtained." Wheeler v. Mo. Highway & Transp. Comm'n, 348 F.3d 744, 754 (8th Cir. 2003) (citing Hensley, 461 U.S. at 434).

### 1.     Hourly rates

The Defendants do not challenge the hourly rates charged by Hixon's attorneys. Hixon's lead lawyer, Andrew Parker, has asked for reimbursement at the rate of $400 per hour, and his primary co-counsel, Anthony Edwards, has asked for $300 per hour. Both are experienced trial lawyers with substantial experience in police-misconduct cases. Given their training, experience, and skill levels, the Court believes that the hourly rates charged by these attorneys are reasonable and are consistent with the prevailing market rates for lawyers of their skill levels. See Blum, 465 U.S. at 895 & n.11 (reasonable hourly rate is prevailing market rate in relevant legal community for similar services by lawyers of comparable skills, experience, and reputation). The remaining attorneys involved in this case have charged rates ranging from $350 per hour to $200 per hour. The Court concludes that the hourly rates charged by these lawyers also are appropriate. See, e.g., State Indus., Inc. v. Mor-Flo Indus., Inc., 948 F.2d 1573, 1582 (Fed. Cir. 1991) (quoting Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988)) ("[t]he court . . . is itself an expert on the question [of reasonableness of hourly rates] and

may consider its own knowledge and experience" when fashioning fee award).[3]

### 2. Reasonable number of hours

Next, the Court must analyze the hours expended by Hixon's counsel on this litigation. Certain of Hixon's lawyers devoted *de minimis* time to this case (*e.g.*, Douglas Wardlow, who expended 7.4 hours performing legal research), while others, including trial counsel Parker and Edwards, expended over 400 hours. The Defendants argue that these hours must be reduced.

### a. Hours up to and including entry of Judgment

The Defendants first contend that Hixon's counsel "spent numerous hours on claims [upon] which he did not prevail" and devoted other hours to claims that he dropped before trial. (Mem. in Opp'n at 3-7.) Specifically, they note that Hixon asserted eleven claims in his Complaint, but seven of those claims were dismissed at summary judgment. They further point to the fact that Hixon initially claimed lost wages and damages for injuries to his knee, but dropped those claims prior to trial. (Id.)

Yet, the dismissed claims, as well as those that Hixon chose to forego, were inextricably intertwined with the claims that proceeded to trial. All of the claims in this case, whether successful or unsuccessful, arose out of an unbroken chain of events

---

[3] Hixon also seeks reimbursement for work performed by paralegal Barbara Livick and by legal assistants working for his attorneys. Legal work is compensable under Section 1988 even though it is performed by a paralegal. Missouri v. Jenkins, 491 U.S. 274, 284-89 (1989). Hence, Hixon may recover for time expended by Livick, and, in the Court's view, the hourly rate charged by her, a paralegal with 25 years' experience, is reasonable. However, "purely clerical or secretarial tasks" are not compensable, id. at 288 n.10, and hence Hixon may not recover for legal-assistant work.

commencing with the police officers' arrival at the Sinclair station where Hixon was arrested. Simply put, the claims all "involve[d] a common core of facts," Hensley, 461 U.S. at 435, such that reduction of the number of hours expended is unwarranted. See, e.g., Casey v. City of Cabool, 12 F.3d 799, 806 (8th Cir. 1993) ("Once a party is found to have prevailed, '[a] fee award should not be reduced merely because a party did not prevail on every theory raised in the lawsuit.").[4]

Second, the Defendants argue that many of the hours expended by Hixon's counsel were either redundant, unnecessary, or excessive, and that a large number of the billing entries submitted by his counsel are too vague to support an award of fees. (Mem. in Opp'n at 7-11.) The Defendants are correct that Hixon may not recover for "excessive, redundant or otherwise unnecessary" hours expended by his attorneys. Hensley, 461 U.S. at 434. And while the Court agrees that at least some of the tasks performed by Hixon's lawyers were either unnecessarily duplicative or excessive, its review of counsel's billing records leads it to conclude that this case was not replete with such inefficiencies. Indeed, this matter (which has been pending for over 18 months) involved more than a dozen depositions, necessitated motion practice during discovery, and required extensive briefing in connection with the Defendants' summary-judgment Motion. In addition, the trial lasted for four days and involved numerous pre-trial motions and, later, testimony from twenty

---

[4] In any event, even if the Court were to conclude that Hixon's counsel devoted some time to claims severable from the core allegations in this case, it believes that the 10% reduction it will make in the hours claimed by Hixon's attorneys (discussed below) more than makes up for such "unnecessary" time.

witnesses. Given these facts, it is not in the least bit surprising, nor in the Court's view unreasonable, for each of Hixon's attorneys to have billed the hours claimed on this case. Nevertheless, the Court believes that at least some reduction in the hours billed is warranted to account for duplication of effort, as well as for the handful of billing entries submitted by counsel that are vague or otherwise unclear. Rather than recite here, line-by-line, the Court's analysis of the scores of billing entries submitted by Hixon's counsel, it will instead reduce the submitted hours by 10%, which it believes is sufficient to account for redundancies and vagueness. See Kline v. City of Kansas City, Mo. Fire Dept., 245 F.3d 707, 709 (8th Cir. 2001) (affirming district court's reduction of fees on percentage basis to account for "overlawyering").

Based on the foregoing, the Court calculates the lodestar for the work performed by Hixon's counsel prior to the entry of Judgment in this case as follows:

| Lawyer/paralegal | Hourly rate | Hours claimed | Hours allowed (after 10% reduction), rounded down to the nearest hour | Lodestar |
|---|---|---|---|---|
| Andrew Parker | $400 | 413.4 | 372 | $148,800 |
| Anthony Edwards | $300 | 645.7 | 581 | $174,300 |
| Nancy Mate | $220 | 231.1 | 208 | $45,760 |
| Daniel Rosen | $350 | 10.1 | 9 | $3,150 |
| Douglas Wardlow | $200 | 7.4 | 6 | $1,200 |
| Barbara Livick | $125 | 411.1 | 370 | $46,250 |
| **TOTAL** | | | | **$419,460** |

        **b.**    **Hours expended post-Judgment**

As for the time expended by Hixon's counsel *after* the entry of Judgment, the

7

Defendants once again argue that those hours (totaling approximately 70, divided among three attorneys and a paralegal) were excessive. The Court cannot agree. The Defendants filed a 36-page memorandum in support of their Motion for New Trial or Remittitur, raising a host of legal and factual issues. The Defendants cannot be heard to complain that Hixon's counsel devoted an unreasonable amount of time to responding to those numerous issues; indeed, it was the Defendants' own extensive – and, ultimately, unmeritorious – Motion that necessitated such a time-consuming response by Hixon's counsel, which culminated in a 29-page opposition brief.

The Defendants also argue that Hixon's attorneys are not entitled to "fees for fees," that is, reimbursement for fees incurred in preparing the initial fee application. However, it is beyond peradventure that such fees are recoverable. See, e.g., Jones v. MacMillan Bloedel Containers, Inc., 685 F.2d 236, 239 (8th Cir. 1982) ("The attorneys for the plaintiffs have also requested an amount for services performed in litigating the attorney's fee claim in the district court and on appeal. In accordance with the practice of other circuits, we hold that the plaintiffs' attorneys are entitled to such compensation."). Indeed, "[i]t would be inconsistent with the purpose of [Section 1988] to dilute a fees award by refusing to compensate the attorney for the time reasonably spent in establishing and negotiating his rightful claim to the fee." Id.

Simply put, the Court believes that the hours expended post-Judgment were reasonable and that no reduction is warranted, with the exception of the 2.1 hours expended by legal assistants. (See note 3, supra.) Accordingly, the Court will deduct $199.50 (for

legal-assistant work) from the $24,447 sought for hours expended post-Judgment, resulting in a lodestar amount of $24,247.50.

### c.   The total lodestar amount

Based on the foregoing, the total lodestar amount for all work performed by Hixon's counsel, both pre- and post-Judgment, equals $443,707.50 ($419,460 + $24,247.50).

### B.   Neither an enhancement nor a reduction of the lodestar is appropriate

Having calculated the lodestar amount, the Court must next determine whether an upward or downward adjustment of that amount is warranted. The Court first concludes that the lodestar should not be adjusted downward. Reduction is warranted where "the plaintiff has achieved only partial or limited success." Hensley, 461 U.S. at 436-37. In analyzing that issue, what matters most is the "*degree* of success obtained." Id. at 437 (emphasis added). In the Court's view, by any reasonable measure Hixon achieved a high degree of success in this case, notwithstanding the dismissal of some of his claims. Indeed, the sheer size of the jury's verdict and its award of punitive damages support that conclusion. Moreover, the Court is not oblivious to the "normal difficulties" inherent in obtaining a jury verdict against police officers in an excessive-force case, see King v. Turner, Civ. No. 05-388, 2007 WL 1219308, at *1 (D. Minn. Apr. 24, 2007), particularly where, as here, the case involves a "claim by a black plaintiff against white police officers [that] rests largely on the word of [the plaintiff] against that of the police." Sanders-El v. Wencewicz, 987 F.2d 483, 485 (8th Cir. 1993). Accordingly, the Court concludes that a deduction is neither necessary nor appropriate given the high degree of success that Hixon obtained.

The Court next concludes that an upward adjustment is equally unwarranted. Given the "strong presumption" that the lodestar amount is the reasonable fee to which a prevailing plaintiff is entitled, Dague, 505 U.S. at 562, a court may increase that amount only in "rare and exceptional cases." Pennsylvania v. Del. Valley Citizens' Council for Clean Air, 478 U.S. 546, 565 (1986). The Court does not believe that this is such a case, notwithstanding the high quality of representation by Hixon's counsel. Moreover, an upward adjustment must take into account the nature of the lodestar amount; generally speaking, an enhancement is appropriate when the lodestar amount is low relative to the complexity of the case. See Daggitt v. United Food & Commercial Workers Int'l Union, 245 F.3d 981, 990 (8th Cir. 2000) (affirming enhancement in complex case where lodestar amount was "modest"). Given that the lodestar amount in this case exceeds $400,000, the Court does not believe that further enhancement of that amount is "*necessary* to the determination of a reasonable fee" in this case. Dague, 505 U.S. at 562 (emphasis in original).

For these reasons, the Court will award Hixon the lodestar amount of $443,707.50 in attorneys' fees.

**II.    Costs**

Hixon next seeks an award of $15,141.77 in expenses incurred in connection with this case, including filing and service fees, photocopying costs, court-reporter fees for depositions, postage, mileage charges, parking expenses, meal costs, courier fees, and other similar expenses. The only objections raised by the Defendants to these costs are

that they are vague and relate to claims on which Hixon did not prevail. For the reasons set forth above, the Court rejects those arguments.

The Court pauses, however, to address a matter not raised by the parties. Generally speaking, costs may be taxed against the losing party under Federal Rule of Civil Procedure 54(d), but such costs are limited to the items specifically enumerated in 28 U.S.C. § 1920. See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441 (1987) ("§ 1920 defines the term 'costs' as used in Rule 54(d)."); accord Pershern v. Fiatallis N. Am., Inc., 834 F.2d 136, 140 (8th Cir. 1987) (citing Crawford Fitting for the proposition that "not all expenses of litigation are costs taxable against the losing party"). Subsequent to Crawford Fitting, some courts held that an award of costs *under Section 1988* could include items beyond those listed in Section 1920. The Supreme Court rejected that conclusion in West Virginia University Hospitals, Inc. v. Casey, stating that "[i]n Crawford Fitting we held that the word 'costs' in Federal Rule of Civil Procedure 54(d) is to be read in harmony with the word 'costs' in 28 U.S.C. § 1920, *and we think the same is true of the word 'costs' in § 1988.*" 499 U.S. 83, 87 n.3 (1991) (emphasis added). Many of the items for which Hixon seeks reimbursement here – *e.g.*, postage, parking, meals – are not listed under Section 1920. Following Casey, therefore, those items do not appear to be reimbursable under Section 1988.

Nevertheless, the Eighth Circuit has held that costs other than those listed in Section 1920 may be recovered under Section 1988, as long as they are "of the kind normally charged to clients by attorneys"; such costs are considered part of the *attorney's fee*

11

awarded to the prevailing party. Pinkham v. Camex, Inc., 84 F.3d 292, 295 (8th Cir. 1996) (*per curiam*) (citing, *inter alia*, Northcross v. Bd. of Educ. of Memphis City Sch., 611 F.2d 624, 639 (6th Cir. 1979) ("some expenses are included in the concept of attorney's fees, as incidental and necessary expenses in furnishing effective and competent representation, and thus are authorized by section 1988") (citations omitted)). The Defendants have nowhere argued that Hixon cannot recover meal charges, postage expenses, and other costs not specifically enumerated in Section 1920, nor have they argued that such costs are not normally charged to clients by attorneys. Accordingly, the Court concludes that all of the costs Hixon seeks – totaling $15,141.77 – may be reimbursed under Section 1988, pursuant to Pinkham.

## CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Plaintiff Aljuan Hixon's Motion for Attorneys' Fees and Costs Under 42 U.S.C. Section 1988 (Doc. No. 139) is **GRANTED IN PART** and **DENIED IN PART** as follows: Plaintiff Aljuan Hixon shall recover of Defendants Mario Hernandez and the City of Golden Valley, jointly and severally, the sum of $458,849.27, comprising $443,707.50 in attorneys' fees and $15,141.77 in costs.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: December  13 , 2007               s/Richard H. Kyle
                                         RICHARD H. KYLE
                                         United States District Judge